CASE 108—ORDINARY—JANUARY 6, 1883.

# Coke by &c. v. Gutkese.

APPEAL FROM JEFFERSON CIRCUIT COURT.

A party rents to another a house and lot knowing that the timbers of the privy floor were in an unsafe and rotten condition, and fails to disclose the fact to the lessee.

The daughter of the lessee fell through the floor and was badly injured.

*Held*—Although the law presumes that it was the lessee's duty to repair the premises in the absence of any other agreement, the failure of the lessor to tell what he knew of the dangerous condition of the privy gives an action to appellant against him for her injury.

JOHN W. McGEE FOR APPELLANT.

The floor of the privy was, of course, covered. The averment is that appellee knew it was in an unsafe and dangerous condition, and appellee knew it, and failed to inform appellant's father. Clearly she has her action for the injury she has sustained.. (Addison on Torts, chap. 4, sec. 2.)

P. A. GAERTNER FOR APPELLEE.

1. Appellant's father having rented the property and taken possession, was bound to make all necessary repairs, and if there was negligence, it is his.

2. Although the defect in the privy floor existed at the renting, it was the duty of the tenant at once to repair it, and therefore he alone is responsible for any injury resulting from his negligence. (2 Sand., 203; 2 H. Black., 350; 4 T. R., 318; 115 Mass., 88; 37 N. Y., 256, 1 E. & E., 697; 8 Law Rep., 401; 4 D. & E., 318; Wash. Real Prop., 1 vol., 539; 3 Gray, 349; 6 Phila., 256; 5 N. Y., 248; 2 Daly, 243; 37 N. Y., 568; 10 Bos., 20; 2 Mo., 66; 51 Cal., 586; 56 N. Y., 398.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action for damages resulting to the appellant by reason of a defective privy floor, through which she fell into the vault below it.

The petition, which was filed by her next friend, who is her father, alleges, in substance, that the father rented of the appellee the premises on which the privy is situated for

Coke by &c. v. Gutkese.

one year, and at the time he rented the appellee *knew the timbers upholding the floor were defective, rotten, and dangerous, but suppressed his knowledge of its condition from the father;* that neither she nor her father could discover the dangerous condition of the privy floor by reason of the character of its construction, and that she fell through the floor, which broke under her, and was precipitated into the vault below, and greatly damaged, physically and mentally, by the fall, for which she prayed judgment for $10,000 in damages.

To this petition a demurrer was filed and, sustained, from which the appellant appealed.

Although the law presumes that it was her father's duty to repair the premises in the absence of an agreement otherwise, still we are of the opinion that if the appellee rented the premises knowing that the privy was in the condition alleged, it was his duty to disclose his knowledge, because it was a portion of the premises which he knew, as all men know, would be in daily use by his tenant and family, and unless apprised of the hidden danger, they would inevitably be injured, and the younger and more helpless perhaps lose their lives.

And if, as alleged, he failed to disclose his knowledge, but nevertheless rented the dangerous tenement to the plaintiff's father, with whom she lived, he is responsible for the injury she received.

This case is not like the cases cited, where the premises were defective or dangerous, but unknown to the lessor, who is not bound to repair, and, in such cases, not responsible for injuries to third persons. They lack the ingredient of knowledge; and the culpable neglect in disclosing it, about tenements or premises whose dangerous character

.could not be. known by ordinary care, and whose use nec-
.essarily placed the occupant in peril.

Wherefore, the judgment is reversed, and cause remanded,
with directions to overrule the demurrer, and for further
·proper proceedings.