GEORGE KERN v. FREDERICK MYLL.

*Landlord and tenant—Nuisance.*

| 80 | 525 |
| 94 | 478 |

| 80 | 525 |
| 141 | ¹214 |

1. A declaration which sets up the construction and continuance of a *nuisance* by the defendant upon his own land, which the plaintiff went into possession of as a tenant, to the injury of the plaintiff, the existence and cause of which were unknown to the plaintiff, but were known to, and concealed from the plaintiff by, the defendant, discloses a cause of action in tort, resting upon the duty of the defendant to disclose to the plaintiff defects in the (leased) premises amounting to nuisances, known to defendant and concealed from plaintiff, and which were calculated to impair, and which did impair, the health of the plaintiff

2. The declaration in this case is held to disclose a cause of action which does not rest upon any covenant, express or implied, of the landlord to repair the premises, nor that they were habitable at the time the lease was made, nor necessarily upon the relation of landlord and tenant, although the lease is set up by way of inducement, to show the right of plaintiff to the possession of the premises,—but one based upon the maxim that every person must so use his own premises as not to injure others, either in person or property, rightfully in the vicinity.

Error to Wayne. (Gartner, J.) Argued April 24, 1890. Decided May 9, 1890.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*George X. M. Collier,* for appellant, contended:

1. The objection to the admission of evidence on the ground that the declaration is "insufficient and inartificial and uncertain" is not well taken; citing *Jennison v. Haire,* 29 Mich. 210; *Hatheway v. Sackett,* 32 Id. 103; *Aldrich v. Chubb,* 35 Id. 359.

*William Look* and *H. F. Chipman,* for defendant, contended:

1. The declaration should set forth specifically, for the benefit and

information of the court and of the defendant, just what duty it is claimed has been neglected, and must further show in what respect the defendant has been negligent; citing *Batterson v. Railway Co.*, 49 Mich. 186, 187; *Klanowski v. Railway Co.*, 57 Id. 539; *Railroad Co. v. Marcott*, 41 Id. 435; *Railway Co. v. Stark*, 38 Id. 717, 720; *Addison v. Railway Co.*, 48 Id. 155.

CHAMPLIN, C. J. The court directed a verdict for the defendant on the ground that the plaintiff's declaration did not disclose a cause of action.

.There are two counts in the declaration. The first sets out that on May 1, 1885, and from thence to the commencement of suit, Kern was possessed, by virtue of a lease-hold interest, of a certain dwelling-house, grocery store, and saloon in the city of Detroit, at Nos. 219, 221, and 223 Croghan street, wherein his family dwelt, and he did business; that the defendant, Myll, was the owner, proprietor, and landlord of the premises, and as such ought to have built a dwelling that human beings could dwell in without injury to their lives and health, and with a proper and customary drainage required upon premises of like character in a large city, and ought to have caused to be properly filled in with solid earth one certain well upon said premises before placing said building upon said premises, and ought to have caused to be built the necessary drains to carry away the surface water, in order to have said premises a fit place for human beings to inhabit without danger to their lives or health.

"Nevertheless the said defendant, well knowing the premises, but contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff, and to incommode, annoy, and cause said plaintiff and his family to contract serious diseases, and to become ill and die, in the possession, use, occupation, and enjoyment of said dwelling-house, grocery store, and saloon, with the appurtenances, heretofore, to wit, from the 1st day of May, 1885, up to the time of commencing

this suit, and for a long space of time hitherto; and more particularly said defendant, on or about ten years before the commencement of this suit, in the county aforesaid, * * * wrongfully and unjustly suffered, permitted, and caused to be built an addition upon said premises, covering a portion of the ground thereof upon which was an open well containing a large quantity of water, and said defendant, before the erecting of the building over said premises, caused said well to be partially filled with rubbish and refuse matter, leaving a large quantity of water remaining in said well undrained, and with no provisions that the water should be drawn off from said open well, which then operated as a cess-pool for the entire premises, and then erected the said addition to the building upon said premises by placing the joists upon the earth, without any excavations or drains whatever, immediately over said open well or cess-pool, and suffered and permitted the said open well or cess-pool, filled with all manner of rubbish, and containing a large quantity of water, to be and continue up to the time, to wit, on the 1st day of May, A. D. 1885, when the said defendant leased said premises to said plaintiff from month to month, with rent payable monthly in advance, at the rate of $40 per month, and at the same time not in any manner disclosing to said plaintiff the concealed source of danger to life and health of the said plaintiff and his family, known by him, the said defendant, to be such, and not discoverable by the said plaintiff, the tenant, the said cess-pool or open well being securely covered up by the floor in said house, and the said plaintiff having no knowledge, or means of knowing, that there was concealed a source of great danger to life and health under and beneath the said building upon said premises; and said defendant wrongfully and unjustly suffered and permitted the said open well or cess-pool to be and continue, and the same during all that time, that is to say, from the first of May, A. D. 1885, up to the time of the commencement of this suit, for want of needful and necessary reparation thereof; and by means thereof, on the day and year aforesaid, and on divers days and times during that time before and after the renting of the said premises by said plaintiff from said defendant, divers large quantities of excrement, filth, dead rats, and other vermin were collected in said cess-pool or well unto and into said premises as aforesaid, and stayed, con-

tinued, and remained therein during all the time aforesaid.

"And also, thereby, divers noisom, noxious, offensive, unwholesome, unhealthy, and poisonous smells, vapors, stenches, during the time aforesaid, ascended and permeated the said grocery store, saloon, dining-room, sitting-room, and all of the sleeping apartments, upon the said premises as aforesaid; and on those several days and times there greatly annoyed, incommoded the said plaintiff and his family, and caused the said plaintiff and his family to contract serious diseases, and become sick, sore, and lame, and contract serious diseases which will remain a permanent and lasting injury to the said plaintiff and his family during their natural lives, in their said habitation of the said dwelling-house, grocery store, and saloon of the said plaintiff. And also, by means of the premises, the plaintiff lost his child, Barbara K. Kern, who died from disease caused and produced by the noxious and deadly fumes and odors arising from said cess-pool or well.

"And also, by means of the premises, the said plaintiff hath been and is hindered and prevented from exercising and carrying on his trade and business of a grocer and saloon-keeper in so beneficial a manner as he, before the committing of the said grievances by the said defendant, had been used and accustomed to do, and would have continued to do, and hath thereby been deprived of divers great gains and profits which he otherwise might and would have derived and acquired, to wit, in the county of Wayne, at 219, 221, 223 Croghan street, in the city of Detroit, aforesaid, by reason of the loss of time of said plaintiff and his wife, caused by the illness directly produced by the divers noisome, noxious, offensive, and poisonous stenches arising from said cess-pool or open well, as aforesaid, and by the driving away of the patrons and customers of the said plaintiff by reason of said smells, vapors, and stenches.

"And also, by means of the premises, the said plaintiff hath been compelled to pay out in expense large sums of money, in paying doctors' bills for the attendance upon the plaintiff and his family during their illness caused by said cess-poll or open well, a large sum of money, to wit, the sum of five hundred dollars. And also, by means of the premises, the said plaintiff hath been subjected to a great expense in hiring nurses to attend to and watch the plaintiff and his said family in their illness caused by said

cess-pool or open well to a large amount, to wit, the sum of five hundred dollars. Therefore, the said plaintiff says that he is injured, and has sustained damage, to the amount of ten thousand dollars.

## "SECOND COUNT.

" And whereas, also, the said plaintiff, being so possessed of his dwelling-house, grocery store, and saloon, with the appurtenances aforesaid, the said defendant, before and at the time of the committing of grievances hereinafter mentioned, was the owner and proprietor of the said premises Nos. 219, 221, 223 Croghan street, upon which was the said cess-poll or open well under the said dwelling, grocery store, and saloon of the said plaintiff, and by reason thereof the said defendant, before and at the time of the committing the grievance by the said defendant as hereinafter mentioned, ought not to have filled said well with rubbish, and erected said dwelling upon the same, but ought to have torn down said well, and filled the same with solid earth, and prevented the drowning of rats in said well or cess-pool, and prevented the excrement, filth, water, and dead vermin, from time to time, being in the said cess-pool or open well, and to have prevented thereby divers noxious, noisome, offensive, unwholesome, and poisonous smells, vapors, and stenches from proceeding therefrom unto and into, and permeating through, the entire dwelling-house, grocery store, and saloon, with the appurtenances, of the said plaintiff, to wit, in the county of Wayne, at Nos. 219, 221, 223, Croghan street, in the city of Detroit.

"Nevertheless the said defendant, well knowing the said last-mentioned premises, but contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff, and to incommode, make sick, and kill him, the said plaintiff, and his family, in the possession, use, occupation, and enjoyment of his dwelling-house, grocery, and saloon, with the appurtenances, heretofore, to wit, on the 1st day of May, A. D. 1885, and on divers other days and times between that day and the day of the commencement of this suit, to wit, in the county of Wayne, at Nos. 219, 221, 223, Croghan street, in the city of Detroit, aforesaid, wrongfully and unjustly suffered, permitted, concealed, and refused to disclose the source of danger well known by said defendant, and

caused by him, by neglecting to fill up said well, and the same not being discoverable by the said plaintiff, and the said plaintiff having no knowledge of the existence of the said source of danger to the health and life of the plaintiff and his family, permitted and caused divers large quantities of dead rats and other vermin, decayed wood and rubbish, and large quantities of filth and water, to remain in said last-mentioned cess-pool, or open well, from which whereby divers noisome, noxious, offensive, unwholesome, and poisonous smells, vapors, and stenches, during all the time aforesaid, ascended and came onto and into, and permeated into, every part of the entire premises of the said plaintiff, as aforesaid, and on those several days and times, thereby sowing seeds of disease and death in the body of the plaintiff and his said family, and also thereby causing the death of his child as aforesaid, and the expenditures for nurses and doctors, and lost time of the plaintiff and his wife aforesaid.

"Therefore the said plaintiff says that he is injured, and has sustained damage, to the amount of ten thousand dollars."

When this cause was heard, we intimated that we only desired argument upon the point whether it was necessary for the plaintiff to allege that defendant had notice or knowledge of the noxious odors, and had neglected or refused to remove them, or disclose their cause. Upon further consideration of the declaration, we are of opinion that it discloses a cause of action. The cause alleged does not rest upon any covenant, express or implied, of the landlord to repair the premises, nor that they were habitable at the time the lease was made; nor does it rest, necessarily, upon the relation of landlord and tenant, although the lease is set up by way of inducement, to show the right of plaintiff to possession of the premises. But the cause of action is based upon the maxim that every person must so use his own premises as not to injure others, either in person or property, rightfully in the vicinity. The declaration sets up the construction

and continuance of a nuisance by the defendant upon his own land to the injury of the plaintiff, the existence and cause of which were unknown to the plaintiff, and were known to, but were concealed from him by, defendant. It discloses a cause of action in tort, resting upon the duty of the defendant to disclose to the plaintiff defects in the premises amounting to nuisances, known to defendant and concealed from plaintiff, which were calculated to impair, and did impair, the health of the plaintiff. Wood, Landl. & Ten. (1st ed.) § 384; *Minor v. Sharon*, 112 Mass. 477; *Scott v. Simons*, 54 N. H. 426. How well the plaintiff may be able upon the trial to connect the cause with the consequences alleged is not involved in the inquiry before us.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.