ANNA A. MOORE v. M. V. B. PARKER *et al.*

No. 11,808.    (64 Pac. 975.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT — *Liability for Personal Injuries.* A landlord is not an insurer or a warrantor, nor is he compelled to exercise constant care and inspection; but if he knows that the premises which he is about to let are defective and in a dangerous condition, especially if such dangerous or defective place is not obvious or discoverable to the tenant by the exercise of ordinary care, and he does not inform the latter of such defective or dangerous place, and injury is occasioned thereby to the tenant or a member of his family who is not aware of such defective or dangerous place, while in the exercise of ordinary care, the landlord is liable in damages. The law requires good faith on the part of the landlord toward his tenant.

Error from Johnson district court; J. T. BURRIS, judge. Opinion filed May 11, 1901. Division two. Reversed.

*A. Smith Devenney,* for plaintiff in error.

*M. V. B. Parker,* and *I. O. Pickering,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error and her husband were tenants of the defendants, occupying a farm

leased by the husband from them on the 3d day of March, 1899.  While the plaintiff in error was about her household duties upon said premises, drawing water from a well used for domestic purposes, the platform gave way, precipitating her into the well, from which she sustained personal injuries.  She brought this action against the defendants in error, the owners and lessors of the property, to recover damages.  The defendants filed a demurrer to her petition in the court below, which was sustained, and she brings the case to this court for review.

The petition, after setting out the lease made by defendants in error to her husband, and the taking possession and occupancy by her husband, herself and their family on or about the 3d day of March, 1899, alleged, in substance, that the well that was intended for use for domestic purposes and situated at the porch of the residence was covered with a wooden platform or planks ; that the defendants in error had built the platform over this well and had constructed it of inferior and unsuitable material, selected by them for that purpose and used in its construction by their direction ; that the sleepers or stringers under this platform were in a defective and unsafe condition at the time of the leasing and taking possession by plaintiff in error ; that the defendants in error knew this, and, notwithstanding their knowledge, negligently, fraudulently and carelessly concealed the truth from her, as well as from her husband, the lessee, and failed to disclose such knowledge to the plaintiff or her husband ; that the defects in the sleepers or stringers were not obvious and could not be discovered by the exercise of ordinary care ; that the plaintiff in error did not know of such defective material or the dangerous condition of the platform ; that in

the performance of her household duties she was required to and frequently did draw water from this well, and that upon this occasion, about two months after they had gone into possession, she was in the exercise of ordinary care, and while performing her household duties and in attempting to draw water from this well, the sleepers or stringers under the platform gave way and she was precipitated into the well, whereby she sustained personal injuries.

In deciding this question, we are not called upon to determine the liability of the landlord where he did not have actual knowledge of the defective condition of the premises.

A landlord is not an insurer or a warrantor, nor is he compelled to exercise constant care and inspection; but if he knows that the premises which he is about to let are in a dangerous condition, especially if such danger or defect is not obvious or discoverable to the tenant by the exercise of ordinary care, and does not inform him of such danger, and injury is occasioned thereby to him or a member of his family, the landlord is liable in damages. The law requires good faith on the part of the landlord toward his tenant. The defect existed when the premises were leased, and the defendants in error knew this and intentionally concealed it from their lessee; and it being a defect not discoverable by the lessee or his family in the exercise of ordinary care and reasonable diligence, we have been unable to find any principle upon which the demurrer should have been sustained. The rule seems to be that, in the absence of a contract to repair or warranty of condition, both landlord and tenant must use reasonable care and diligence. If the tenant neglects such reasonable care and diligence to ascertain the condition of the premises, or, knowing their

condition, assumes the risk, then he cannot recover against the landlord.  On the other hand, if the landlord actually knows they are unsafe and conceals or misrepresents their condition, then he is liable, the tenant being in no fault.

We quote from Wood on Landlord and Tenant:

"Where there are defects in the premises, not open to ordinary observation, of the existence of which the landlord knows, or ought to know, which are dangerous to the person of the tenant, it is his duty to disclose them to the tenant, and if he fails to do so, and the tenant is injured thereby, the landlord is responsible for all the damages that ensue to the tenant therefrom." (Vol. 2, p. 854.)

In *Wilcox v. Lucy S. Hines*, 100 Tenn. 539, 46 S. W. 297, the court said:

"Although, in the absence of fraud or warranty, a landlord is not liable on his contract to a tenant for injuries resulting from a defective condition of the leased premises, a liability arises out of the wrong of the landlord in leasing premises dangerous at the time, where the danger is not patent, but is known to the landlord, or could be known to him by the exercise of reasonable care and diligence, and could not be ascertained by the tenant by the exercise of reasonable care and diligence."

In *Edwards v. N. Y. & H. R. R. Co.*, 98 N. Y. 245, 249, 50 Am. Rep. 659, the court said:

"The responsibility of the landlord is the same in all cases.  If guilty of negligence or other *delictum* which leads directly to the accident and wrong complained of, he is liable; if not so guilty, no liability attaches to him.  If he lets a building for a warehouse, knowing that it is so weak and imperfectly constructed that the floors will break down from the weight necessarily to be placed upon them, his negligence imposes liability upon him for injury to the

person or property of any one who may lawfully be
upon the premises using them for the purpose for
which they are demised."

The case of *Cokeby &c. v. Gutkese*, 80 Ky. 598, 44
Am Rep. 499, was an action by the daughter of the
lessee, by her next friend, for personal injuries which
she received. It was alleged in the petition that the
lessor knew when he rented the building that the tim-
bers upholding the floor were defective, rotten, and
dangerous, and suppressed his knowledge of its condi-
tion from the father; that neither she nor her father
could discover the dangerous condition of the floor by
reason of the character of its construction; that she
fell through the floor, which broke under her, and was
precipitated into the vault below, and was damaged
physically and mentally. To this petition a demur-
rer was filed and sustained. The court in passing on
it said:

"Although the law presumes it was her father's
duty to repair the premises, in the absence of an agree-
ment otherwise, still we are of the opinion that, if the
appellee rented the premises knowing that the floor
was in the dangerous condition alleged, it was his
duty to disclose his knowledge, because it was a por-
tion of the premises which he knew, as all men know,
would be in daily use by his tenant and family, and,
unless apprised of the hidden danger, they would in-
evitably be injured, and the younger and more help-
less perhaps lose their lives. And if, as alleged, he
failed to disclose his knowledge, but nevertheless
rented the dangerous tenement to the plaintiff's father,
with whom she lived, he is responsible for the injury
which she sustained."

When the defendants in error rented the farm they
knew that the tenant was going to occupy it for the
purpose for which farms are generally occupied; they

*In re* Beck.

knew that the well was intended for and would be used to furnish water for family purposes, and that necessarily the members of the family of the tenant, in the discharge of their household duties, would be required to go to this well frequently for water. The landlord contracted with reference to this use of the premises by all members of the tenant's family, and withheld from them the knowledge of the fact that the place where they would be compelled to visit more frequently than any other on the premises was almost fatally dangerous.

The owner of premises upon which is situated a structure or building dangerous either by reason of defective construction or from long use, of which the owner has knowledge, and which defect is not obvious or discoverable by the exercise of ordinary care, cannot escape liability to a tenant from whom he conceals the truth, or a member of his family who, not knowing of such defect, and while in the exercise of ordinary care, is injured by the falling of such building or structure.

The judgment of the court below is reversed.

JOHNSTON, CUNNINGHAM, JJ., concurring.