ROBERT W. SUNASACK

*v.*

LYDIA J. MOREY *et al.*

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. LANDLORD AND TENANT—*landlord bound to reveal concealed defects to tenant.* If there are concealed defects in demised premises, attended with danger to an occupant, which a careful examination would not disclose but which are known to the landlord, the latter is under legal obligation to disclose them to the tenant, and for failure to do so is liable for whatever damages actually result to the tenant therefrom.

2. SAME—*landlord liable for failure to inform a tenant of presence of sewer gas.* A tenant has the right, without making an examination for himself, to rely upon the landlord's assurance that the premises are free from sewer gas and in a healthy condition, and if the landlord knowingly misrepresents such facts he is liable for the damage resulting therefrom.

*Sunasack* v. *Morey*, 98 Ill. App. 505, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

A. B. CHILCOAT, and W. P. BLACK, for appellant.

HECKMAN, ELSDON & SHAW, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action brought by the plaintiff in the circuit court of Cook county to recover from the defendants damages in consequence of the presence of sewer gas in the portion of a building leased by him from them and occupied by himself and family as a barber shop and residence, by means whereof he and his family were made sick and he was forced to pay out large sums of money, etc.

The declaration, as amended, contained a number of counts, which alleged, in substance, that the defendants were the owners of a three-story brick building in the city of Chicago; that it was their duty to keep the same in good order, particularly as to sewerage and the plumbing connected therewith; that in disregard of such duty they suffered said premises to be in bad order and sewer gas to escape into said building in such quantities as to become dangerous to tenants, all of which was well known to the defendants and which was unknown to the plaintiff; that the plaintiff applied to the defendants to lease a portion of said premises, and upon inquiry was assured by the defendants that the premises were free from sewer gas and in a healthy condition; that, relying upon such assurance, the plaintiff rented a portion of said premises from the defendants and occupied the same as a barber shop and dwelling house for himself and family; that soon thereafter he discovered sewer gas escaping from the sewers connected with said building into the portion thereof occupied by himself and family; that he gave

notice thereof to the defendants, who promised to remedy the same, which they failed to do; that by reason of the premises he and his family were made sick, and he was required to and did lay out large sums of money, etc. A demurrer to the declaration was sustained and judgment rendered for the defendants, from which the plaintiff appealed to the Appellate Court for the First District, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

The law is well settled that the rule of *caveat emptor* applies to a contract of letting, and the landlord is not bound to make repairs unless he has assumed such duty by express agreement with the tenant. The tenant takes the premises as he finds them, subject to his own risk, and there is no implied covenant on the part of the landlord that they are fit for habitation or fit for the purposes for which they are rented, or that they are in any particular condition. The landlord is therefore not liable for damages resulting to the tenant by reason of the demised premises being out of repair, unless he has expressly bound himself to make repairs by the terms of the contract to let. Where, however, there are concealed defects in the demised premises, attended with danger to an occupant, which a careful examination would not disclose but which are known to the landlord, the latter is under obligation, imposed upon him by law, to reveal them to the tenant in order that he may guard against them, and upon the landlord's failure to perform such duty he will become liable for whatever damages actually result to the tenant therefrom. 1 Thompson's Commentaries on the Law of Negligence, secs. 1129-1131; 18 Am. & Eng. Ency. of Law,—2d ed.—p. 224; 2 Wood on Landlord and Tenant, sec. 381.

In *Cowen* v. *Sunderland*, 145 Mass. 363, it is said (p. 364): "When there are concealed defects, attended with danger to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to

reveal them, in order that the lessee may guard against them. While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor if injury occurs."

In *Anderson* v. *Hayes*, 101 Wis. 538, the court say (p. 543): "The principle is well settled that a tenant takes leased premises in the condition in which they happen to be when leased, and that the landlord is not liable to the tenant for injuries resulting from lack of repair unless he has contracted to repair, or unless the defect be a concealed one known to the landlord and not disclosed to the tenant, and not discoverable by the use of that degree of care which the law demands."

In *Coke* v. *Gutkese*, 80 Ky. 598, (44 Am. Rep. 499,) the defendant let a house to the father of plaintiff knowing that the timbers of the privy vault were rotten and unsafe, but concealed that fact from the tenant. The timbers gave way and the plaintiff was precipitated into the vault and greatly injured. The court say: "Although the law presumes that it was her father's duty to repair the premises in the absence of an agreement otherwise, still we are of the opinion that if the appellee rented the premises knowing that the privy was in the condition alleged it was his duty to disclose his knowledge, because it was a portion of the premises which he knew, as all men know, would be in daily use by his tenant and family, and unless apprised of the hidden danger they would inevitably be injured and the younger and more helpless perhaps lose their lives."

In *Moore* v. *Parker*, 53 L. R. A. (Kan.) 778, the plaintiff and her husband were occupying a farm rented of the defendants. While the plaintiff was about her household duties upon said premises, drawing water from a well used for domestic purposes and located at the residence, the platform around the well gave way, precipitating her into the well, from which she sustained personal injuries.

The defendants had notice of the defective condition of the well but failed to notify plaintiff or her husband of such defect. The court say: "A landlord is not an insurer or a warranter, nor is he compelled to exercise constant care and inspection, but if he knows that the premises which he is about to let are in a dangerous condition, and especially if such danger or defect is not obvious or is not discoverable by the tenant by the exercise of ordinary care, and does not inform him of such danger, and injury is occasioned thereby to the tenant or a member of his family, the landlord is liable in damages."

In *Kern* v. *Myll*, 80 Mich. 525, the trial court directed a verdict for the defendant on the ground that the plaintiff's declaration did not disclose a cause of action. The judgment was reversed and a new trial ordered. The court say (p. 530): "The cause alleged does not rest upon any covenant, express or implied, of the landlord to repair the premises nor that they were habitable at the time the lease was made, nor does it rest necessarily upon the relation of landlord and tenant, although the lease is set up by way of inducement, to show the right of the plaintiff to possession of the premises, but the cause of action is based upon the maxim that every person must so use his own premises as not to injure others, either in person or property, rightfully in the vicinity. The declaration sets up the construction and continuance of a nuisance by the defendant upon his own land to the injury of the plaintiff, the existence and cause of which were unknown to the plaintiff and were known to but were concealed from him by defendant. It discloses a cause of action in tort, resting upon the duty of the defendant to disclose to the plaintiff defects in the premises amounting to nuisances, known to defendant and concealed from plaintiff, which were calculated to impair, and did impair, the health of the plaintiff."

In *Snyder* v. *Gordon*, 46 Hun, 538, it was held if the tenant learns, before taking the lease, that a contagious dis-

SUNASACK *v.* MOREY. [196 Ill.

ease has been in the house, and upon asking the landlord about it is informed that the report is untrue, he has a right to rely upon the landlord's statement and need not take further precautions to ascertain as to the fact.

The declaration averred that sewer gas was escaping into the demised premises, which fact was known to the defendants and unknown to the plaintiff; that the plaintiff applied to the defendants to lease the same for a barber shop and a place of residence for himself and family; that he made inquiry of the defendants if said premises were free from sewer gas and in a healthy condition, and that the defendants assured him they were; that, relying upon such assurance, he rented the premises and occupied the same as a barber shop and dwelling house for himself and family, and that in consequence of sewer gas escaping from the sewer connected with said building into the portion thereof occupied by himself and family he and his family were made sick and disabled, and he was put to great expense in attempting to heal himself and family. The fact that sewer gas was escaping into said premises being known to the defendants and not known to the plaintiff, it was the duty of the defendants, at the time of the leasing, to disclose that fact to the plaintiff. It was a source of danger not apparent to the plaintiff but known to the defendants, and the plaintiff had the right, without making an examination for himself, to rely upon the assurance of the defendants that the premises were free from sewer gas and in a healthy condition.

The demurrer to the declaration should have been overruled and the defendants required to plead thereto. The judgments of the Appellate and circuit courts will therefore be reversed and the cause remanded to the circuit court, with directions to that court to overrule the demurrer to the declaration.

*Reversed and remanded.*