## ANNA M. BORGGARD

*v.*

## STEPHEN F. GALE.

*Opinion filed December 16, 1903.*

1. LANDLORD AND TENANT—*landlord should notify tenant of dangerous defects.* It is the landlord's duty to notify the tenant of dangerous defects in the leased premises which are known to him but unknown to the tenant, and which a careful examination of the premises would not disclose.

2. SAME—*when instruction upon landlord's liability is not reversible error.* An instruction which holds the landlord exempt from liability for an injury to his tenant from a dangerous defect in the premises, known to the landlord to exist, unless "by fraud or concealment" the tenant was induced to take possession of the premises without knowledge of the defect, is not ground for reversal of a judgment in favor of the landlord, since failure to give notice of such latent defect would be equivalent to "concealment."

*Borggard* v, *Gale,* 107 Ill. App. 128, affirmed,

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JAMES H. HOOPER, for plaintiff in error.

HAYNIE R. PEARSON, and SAMUEL W. JACKSON, for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an action on the case brought by the plaintiff in error in the superior court of Cook county, against the defendant in error, to recover damages for an alleged injury caused to her by reason of her stepping into a hole in the floor of certain premises rented by her husband from the defendant in error for a store. A trial resulted in a judgment in favor of the defendant in error, which has been affirmed by the Appellate Court for the First District, and a writ of error has been sued out from this court to review the judgment of the Appellate Court.

The only ground relied upon in this court for a reversal which we can consider is the giving of the second and third instructions offered upon behalf of defendant in error. The second instruction informed the jury that the defendant was not liable to the plaintiff for any injuries which she may have sustained after her husband took possession of the premises under the terms of the lease, even though said premises were let with a nuisance upon them by means of which the injury was received, unless, through the fraud or concealment of the defendant, the husband was induced to take possession of the premises without knowledge of the existence of such nuisance. The only criticism made upon the instruction is, that it states the defendant is not liable unless, by "fraud or concealment" practiced by him, the husband was induced

to take possession of the premises without knowledge of the existence of the defective condition of the floor

The lease which was in force at the time of the injury contained the following clause: "That he [plaintiff's husband] has examined and knows the condition of said premises and has received the same in good order and repair, and that no representation as to the condition or repair thereof has been made by the party of the first part, or his agents, prior to or at the execution of this lease, that is not herein contained or herein endorsed; that he will keep the said premises in good repair during this lease at his own expense." The plaintiff testified that there was a hole six by twelve inches in size in the floor of a small room opening off of the store-room when her husband took possession of the premises, the existence of which was unknown to her or her husband; that a day or two thereafter she unavoidably stepped into said hole and was severely injured. One Locke, defendant's agent, who leased the premises to plaintiff's husband through the plaintiff in error, testified that prior to the injury the plaintiff pointed out to him the hole in the floor and he agreed to have the same repaired; that the carpenter was engaged in making repairs upon the premises at the time the injury occurred, and that he had requested the plaintiff and her husband not to occupy the premises until the repairs were completed, but that they moved into the same before the repairs were completed. The testimony of the plaintiff and Locke was all the evidence bearing upon the subject.

The general rule is, that a landlord is not bound to make repairs unless he has assumed such duty by express agreement with the tenant. An exception to the rule, however, exists where there are defects in the demised premises, attended with danger to an occupant, which a careful examination would not disclose, which are known to exist by the landlord and are not known to the tenant. In such case a duty rests upon the landlord

to notify the tenant of such defects. (*Sunasack* v. *Morey*, 196 Ill. 569.) The duty resting upon the landlord to notify the tenant of a defect in the premises which a careful examination would not disclose, but of which the landlord has notice while the tenant has not, we think may well be placed upon the ground, in many cases, that a failure to make such disclosure would be a fraud upon the tenant; for instance, if the premises were infected with a contagious disease, as was the case in *Snyder* v. *Gordon*, 46 Hun, 538, or impregnated with sewer gas, the presence of which was denied by the landlord, as in *Sunasack* v. *Morey, supra.* But the instruction given in this case did not require that the plaintiff should prove fraud before a recovery could be had, but only concealment of the defect, as the disjunctive "or" was used in the instruction between the words "fraud" and "concealment," so that if the evidence showed the hole in the floor to have been a latent defect, that the landlord had notice of its existence and the husband of the plaintiff had not such notice, and the landlord concealed the defect by failing to perform his duty by notifying him of its presence, unless the plaintiff had actual notice thereof there might·be a recovery; and this much proof seems to be required by all the authorities to entitle the plaintiff to recover. (*Sunasack* v. *Morey, supra; Cowen* v. *Sunderland,* 145 Mass. 363; *Anderson* v. *Hayes*, 101 Wis. 538; *Coke* v. *Gutkese*, 80 Ky. 598; *Moore* v. *Parker*, 53 L. R. A. 778; *Kern* v. *Myll*, 80 Mich. 525; *Snyder* v. *Gordon, supra.*) We do not think the giving of said instruction constituted reversible error.

We have examined the third instruction, and think, in view of the evidence, it states the law correctly, and that the objection made thereto is hypercritical and without force.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*