## Pherry Johnson, Appellee, v. Elgin K. Perkins, Appellant.

## Gen. No. 15,925.

1. STATUTE OF LIMITATIONS—*when new cause of action set up.* Where a declaration filed within the limitation period fails to state a cause of action, and an amended declaration or additional count stating a good cause of action is filed subsequent to the running of the statue, a plea of the statute of limitations should be sustained.

2. STATUTE OF LIMITATIONS—*when new cause of action not set up.* If the amended or additional count be predicated upon a prior count which effectively stated a good cause of action a new cause of action is not set up.

3. PLEADING—*what essential to statement of cause of action.* In an action for personal injuries a declaration does not state a cause of action unless it avers facts showing legal liability.

4. PLEADING—*when declaration does not state cause of action against landlord for personal injuries sustained.* Unless the declaration show that at the time of the injury complained of the landlord was either in possession of the premises in question, or was under some obligation to repair or keep the same in repair, no cause of action is set up.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed February 26, 1912.

SAMUEL M. BOOTH, for appellant.

S. M. MEEK, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee, hereinafter called plaintiff, on December 31, 1897, filed her declaration of one count in a suit in the Circuit Court of Cook county against appellant, hereinafter called defendant, for damages for personal injuries. To this declaration a general demurrer was sustained, and thereupon, on February 17, 1898, the plaintiff filed an amended declaration of one count. To this amended declaration a general and special demurrer was sustained and the plaintiff given ten days to amend. In the years following the record shows demurrers and pleas filed to the second amended declaration and additional counts, but the record shows no second amended declaration or additional counts, nor any entry therein of any such pleadings having been filed. On July 6, 1901, there was a substitution of plaintiff's counsel, and on May 14, 1909, leave was given plaintiff to file additional counts, and on the same day there was filed what is termed an amended declaration of one count. To this last amended declaration the defendant filed a plea of the general issue and two pleas of the Statute of Limitations. The plaintiff filed a similiter to the general issue and demurred to the two pleas of the Statute of Limitations. The court sustained the demurrer and the defendant elected to abide by his said pleas of the Statute of Limitations. The said two pleas were substantially alike, and being in effect the same shall be hereafter referred to as one plea. The jury returned a verdict finding the defendant guilty and assessing the plaintiff's damages at the sum of three thousand dollars, upon which judgment was entered, and defendant appealed.

Was the demurrer to the plea of the Statute of Limitations properly sustained? Where a declaration filed within the limitation period fails to state a cause of action, an amended declaration or additional count stating a good cause of action, but filed subsequent to the running of the statute, a plea of the Statute of Limitations to the amended declaration or additional count should be sustained. Bahr v. National Safe Deposit Co., 234 Ill. 101, and cases there cited.

The original declaration, to which a general demurrer was sustained, so clearly fails to state a cause of action that it need not be discussed. Did the amended declaration filed February 17, 1898—the only other declaration of record filed within the limitation period of two years,—state a cause of action? This declaration is, as to the averments in question, as follows:

"For that whereas the said defendant before and on to-wit, the 27th day of July, 1897, was the owner and possessor of certain premises with appurtenances, situated in the county aforesaid, to-wit, commonly known and described as Numbers 2621, 2623, 2625 and 2627 Dearborn street, in the city of Chicago, and plaintiff was then and there a tenant of said defendant, and residing and living in and upon said premises as a tenant of said defendant; and in and upon said premises there now is, and before and on the day aforesaid, was a certain hole opening into a certain vault or catch basin of and belonging to said premises of the said defendant, to-wit, in the county aforesaid; yet the defendant well knowing the matters aforesaid, while he was so the owner and possessor of the said premises with the appurtenances thereto, and while there was such a hole as aforesaid, to-wit, on the day aforesaid, then and there wrongfully and unjustly permitted the said hole to be and continue and the same was then and there so badly, insufficiently and defectively covered that by means of the premises and for want of a proper and sufficient covering to the said hole, the plaintiff, who was then and there residing

upon the said premises as the tenant of the said defendants as aforesaid, and who was then and there crossing said premises, then and there necessarily and unavoidably slipped and fell into the said hole, and thereby the plaintiff was then and there greatly injured," etc.

To this declaration the defendant filed a general and special demurrer, which the court sustained, and which is in part as follows:

"First it is alleged that the defendant Perkins is the owner and possessor of the property described and then alleged that plaintiff is tenant of the same. If the plaintiff is tenant the owner is not in possession.

"Secondly, it is the general rule of law that the tenant must make repairs, and plaintiff by said declaration shows no reason why the rule does not apply here.

"Third, no scienter is properly alleged.

"Fourth, it is not sufficient in a declaration to say generally that it was the duty of the defendant to cover or otherwise protect a dangerous place. The pleader must state facts from which the law will raise the duty. This declaration does neither."

The question before us must be determined solely by an examination of said count. In the consideration thereof it is to be borne in mind that if·it states a cause of action, although defectively, it must be held sufficient on the question presented. Klawiter v. Jones, 219 Ill. 626. If, however, it states no cause of action, then the plea of the Statute of Limitations to the declaration filed May 19, 1909, must be sustained.

It appears well settled that a declaration of this nature does not state a cause of action unless it avers facts showing a legal liability. As said in 2 Thompson on Negligence, 1244: "Unless the duty results, in all cases, from the stated facts, the declaration so framed will be bad." Ayers v. City of Chicago, 111 Ill. 406; Schueler v. Mueller, 193 Ill. 402; Mackey v. Northern Milling Co., 210 Ill. 115; McAndrews v. C. L.

S. & E. Ry. Co., 222 Ill. 232; Bahr v. National Safe Deposit Co., 234 Ill. 101.

"A bare allegation of duty alone is insufficient without an allegation of facts sufficient to create the duty, the obligation being but an inference of law, arising from the facts." 12 Ency. Pl. & Pr., 1040.

The argument made and the authorites cited in relation to agency are, in our opinion, irrelevant. It is averred that the plaintiff rented the premises and so occupied them as a tenant of the defendant as landlord. The right of possession and control of the premises 'by a tenant is paramount to that of the landlord's. Taylor's Landlord and Tenant, Sec. 178.

In Sunasack v. Morey, 196 Ill. 569, the court state the general rule as follows: "The law is well settled that the rule of caveat emptor applies to a contract of letting, and the landlord is not bound to make repairs unless he has assumed· such duty by express agreement with the tenant. * * * The landlord is therefore not liable for damages resulting to the tenant by reason of the demised premises being out of repair, unless he has expressly bound himself to make repairs by the terms of the contract to let."

In Borggard v. Gale, 205 Ill. 511, the court said:

"The general rule is, that a landlord is not bound to make repairs unless he has assumed such duty by express agreement with the tenant. An exception to the rule, however, exists where there are defects in the demised premises, attended with danger to an occupant, which a carful examination would not disclose, which are known to exist by the landlord and are not known to the tenant. In such case a duty rests upon the landlord to notify the tenant of such defects. (Sunasack v. Morey, 196 Ill. 569.) The duty resting upon the landlord to notify the tenant of a defect in the premises which a careful examination would not disclose, but of which the landlord has notice while

the tenant has not, we think may well be placed upon the ground, in many cases, that a failure to make such disclosure would be a fraud upon the tenant; for instance, if the premises were infected with a contagious disease, as was the case in Snyder v. Gordon, 46 Hun, 538, or impregnated with sewer gas, the presence of which was denied by the landlord, as in Sunasack v. Morey, *supra*."

In Blake v. Ranous, 25 Ill. App. 486, the court said:

"In an action against a landlord for injuries resulting from the unsafe condition of the building leased or any of its appendages, the declaration should state facts which affirmatively show the landlord's duty or obligation to make repairs. The duty does not spring from the relation of landlord and tenant and will not be presumed, but must be both stated and proved. Kahn v. Love, 3 Oregon, 207.

"Both the amended declaration and the instruction given assert the duty as based upon the mere fact of letting the premises alone. Such a doctrine is decidedly opposed to all the cases."

The declaration does not state a cause of action against the defendant on the ground of his failure to repair the premises rented to the plaintiff, because there is no averment that the defendant agreed to make repairs, and as a general rule without such agreement he cannot be held liable. There can be no pretense that the averments of the declaration bring it within any exception to that rule, as to fraud, deceit, misrepresentation or the concealment of any latent defects.

Should the declaration be construed to aver that the said vault or catch basin was upon premises not demised to the plaintiff, but upon premises retained and controlled by the defendant, bringing the case within the rule announced in Shoninger v. Mann, 219 Ill. 242? In that case the court said: "The law is

well settled in this State that a landlord who rents
different parts of a building to various tenants and re-
tains control of the stairways, passageways, hallways
or other methods of approach to the several portions
of the building for the common use of the tenants,
has resting upon him an implied duty to use reasonable
care to keep such places in a reasonably safe condition,
and that he is liable for injuries which result to per-
sons lawfully in the building from a failure to perform
such duty. (Payne v. Irvin, 144 Ill. 482; Burke v.
Hulett, 216 id., 545.''

We are not inclined to agree that a fair and reason-
able construction of the declaration is that it avers
that the said vault or catch basin was upon premises
in the possession of the defendant. However, assume
that it does so aver; there is no averment that the
said portion of the premises so possessed by the de-
fendant was for the common use of the plaintiff and
other tenants, if there were other tenants. Without
such averment how can it be determined that the
plaintiff had any right to use the portion of the prem-
ises in possession of the defendant and not demised to
plaintiff? Without some statement of facts showing
that she had a right thereon, there could be no duty
owing to the plaintiff by the defendant to keep the
said vault or catch basin safely covered. In the ab-
sence of such averments the declaration states no
cause of action coming within the law quoted in Shon-
inger v. Mann, *supra*.

The declaration contains no averments that the de-
fendant retained control of the part of the premises,
or any other part thereof, over which plaintiff was
walking at the time of the accident, or that it was for
the use of the plaintiff, or any facts showing she had
a right thereon. If the averments of the declaration,
and what is fairly and reasonably inferable therefrom,
be proven, there would be no legal liability on the part

of the defendant, for there are no averments of what defendant's duties were or, in fact, that he had any right whatsoever on the premises or the control thereof. The authorities cited, with many others we have not deemed it necessary to note, seem to lay down the rule very clearly that in actions of this nature, unless facts are averred showing the duty of the defendant, no cause of action is stated. Tested by the rules mentioned, the declaration filed February 17, 1898, failed to state a cause of action, and it was therefore error not to sustain the plea of the Statute of Limitations to the declaration filed in May, 1909.

The other errors assigned, in the view we take of the case need not be discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*