## LIABILITY FOR INJURIES ON DEFECTIVE PREMISES HELD UNDER LEASE.

Common Pleas Court of Hamilton County.

CORA HERMAN v. GEORGE H. ALBERS, ADMINISTRATOR.

Decided, 1912.

*Landlord and Tenant—Premises in Defective Condition—Lessee Can Protect Himself Against Defects Only by Covenant—Doctrine of Caveat Emptor Applies—Allegations as to Concealment of Defects.*

1. A lessee who desires to protect himself as to the condition of the premises he is about to lease must bind the lessor by an express covenant as to condition, and this necessity exists regardless of the length of the term of the lease or whether it be oral or in writing.
2. An action against a landlord for injuries to a tenant, due to defective condition of the demised premises, can be based on fraudulent concealment of the defect by the landlord only when there is an allegation of knowledge of the defect on the part of the landlord and of want of knowledge by the tenant and that the defect was concealed by the landlord.

*Cowell & Lamping,* for plaintiff.
*E. S. Morrissey,* for defendant.

GORMAN, J.

Heard on demurrer to amended petition.

The defendant has demurred to the amended petition herein on the ground that the allegations thereof do not constitute a cause of action against the defendant. The amended petition sets out that the defendant is the duly appointed and acting administrator of ·Clemons A. Haverkamp; that the plaintiff was a tenant of Clemons Haverkamp and resided in two rooms on the third floor of the building known as 406 East Thirteenth street, Cincinnati, of which building Haverkamp was the owner at the times herein mentioned, and rented said rooms to the plaintiff; and that, on or about May 18, 1910, the said Haverkamp was negligent and careless in allowing one of the windows in one of the rooms occupied by the plaintiff to become in such a dangerous condition that said window would not stay up nor raise; that while the plaintiff was standing by said window and while said window was raised, the catch or stop on said window not being sufficient to hold up the same, said window fell on the plaintiff's arm thereby mashing the muscles and bones thereof about four inches above the wrist. Plaintiff further avers that the dangerous condition of said window was unknown to her, but was known to said Clemons A. Haverkamp, and that by reason of such injuries, she suffered damages in the sum of $2,000. This in substance sets out plaintiff's claim against the defendant as administrator of Haverkamp.

The demurrer, for the purposes of this case, admits all the facts, and it is therefore a question of law whether or not the estate of Haverkamp is liable to the plaintiff upon the facts set out in the amended petition.

The authorities all agree that, as a general rule, there is no obligation on the part of the lessor to see that the premises which he leases are, at the time of the demise, in a condition of fitness for use for the purpose for which the lessee may propose to use them. A lessee, like the purchaser of a thing already in existence, is presumed to take only after examination. The maxim, *caveat emptor*, applies, and if the lessee desires to protect himself as to the condition of the premises, he must exact of the lessor an express covenant, contract or stipulation as to the condition of the premises. This same rule applies whether there be

a lease in writing, or whether it be oral, and whether the term be for years or from month to month. There can be no different rule applicable to a renting from month to month, from that applicable to a lease for years. The relation of landlord and tenant is purely one of contract. In the absence of fraud or an agreement guaranteeing the condition of the premises, there is no liability to the tenant on account of the present or future condition thereof that would not be equally applicable to a similar liability sought to be imposed by the vendee of real estate upon his vendor or grantor. The tenant, therefore, takes the premises as they are, with all their imperfections; he can not assert a right to rescind the lease, or can he avoid the payment of rent, or assert a claim for damages arising from the defective condition of the premises in the absence of an agreement or some fraudulent representation or concealment, which we will note presently. It has been held that the application of this rule extends so far that the lessee can not assert a claim for damages or personal injuries, or injuries to his property on the ground that owing to the condition of the premises at the time of the lease, he, or a member of his family, suffered physical injury by reason of the defective condition of the premises. See *Chadwick* v. *Woodward,* 13 Abb. (N. Y.), N. Cas., 441; *Foster* v. *Peyser,* 63 Mass. (9 Cush.), 242; *Gately* v. *Campbell,* 124 Cal., 520; *Borggard* v. *Gale,* 205 Ill., 511; *Shackford* v. *Coffin,* 95 Me., 69, and many other cases that might be cited.

In the case at bar, it is not alleged in the petition that there was any covenant, agreement or contract with reference to the safety, security or sound condition of the premises occupied by the plaintiff. Indeed, plaintiff seeks to recover upon the averment in the petition that the defective condition of the window was known to the lessor, but unknown to her. Now, in order that this knowledge on the part of the lessor and the absence of it on the part of the lessee, or renter, may be made the basis of a claim for personal injuries arising out of the defective condition of the premises, it must appear: first, that there was such a defect in the premises as was not only not known to the renter or lessee, but could not, on a reasonable inspection or ex-

amination, have been ascertained; and furthermore, it must also appear that the defective condition was known to the lessor and unknown to the lessee at the time the lease was entered into, or the renting was made. In other words, the foundation for a claim for damages arising from personal injuries on account of the defective condition of leased premises, in the absence of an agreement, must be based upon a fraudulent concealment of the landlord at the time he rented or leased the premises. Defects which occur in the premises after the leasing or the renting, even though the landlord have knowledge thereof, can not afford a foundation for an action against the landlord, because, in contemplation of law, he is not then the owner of the property, but the lessee or the renter, who occupies the premises, is the owner. All the authorities which I have been able to find hold that, in order to constitute fraud which would furnish the basis for an action against the landlord, in cases of the character set out in the petition, the concealment of the defect by the landlord must have been at the time the lease was made or the renter took possession. A written warranty that the premises are in repair is obviously not broken because they subsequently became out of repairs. *Lyon* v. *Buerman*, 70 N. J. L., 620.

If this be the rule where there is a warranty as to the condition of the premises, with how much greater force would the rule apply where there is no warranty. The rule that the lessor is under no obligation to the lessee, as regards the condition of the premises at the time of the demise, is subject to one exception, to the effect that, if there is some hidden defect in the premises, or danger thereon which is known to the lessor at the time of making the lease, but which is not apparent to the intending lessee, the lessor is bound to inform the latter thereof, and failing so to do, is liable for injuries to the tenant arising therefrom. See *Finney* v. *Steele*, 148 Ala., 197; *Holzhauser* v. *Sheeny*, 31 Ky. L. Rep., 1238; *Rhoades* v. *Seidel*, 139 Mich., 608, and other cases which might be cited.

If the defects or dangers are such as would be apparent to the lessee on a reasonably careful inspection, there is no obligation upon the lessor to notify him of their existence, even though

they exist and he knows of their existence. *Gallagher* v. *Button*, 73 Conn., 172; *Borggard* v. *Gale, supra; Cowen* v. *Sunderland*, 145 Mass., 363; *Cate* v. *Blodgett*, 70 N. H., 316; *Davidson* v. *Fischer*, 11 Colo., 583.

The theory on which liability is to be imposed upon the lessor for injuries to the lessee from concealed defects, of which the lessor knows at the time of the lease, has been stated as follows:

"When there are concealed defects, attended with danger to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to reveal them in order that the lessee may guard against them."

While the failure to reveal such defects may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor if injury occurs. See *Cowen* v. *Sunderland, supra.*

Our own Supreme Court, in the case of *Shinkle, W. & K. Co.* v. *Birney*, 68 Ohio St., 328, has in substance held that the ground upon which a cause of action for damages to the lessee resulting from defective premises, in the absence of an agreement or warranty as to their condition rests, is that there was a fraudulent concealment, and not upon the ground of negligence. In the Shinkle, Wilson & Kreis Co. case, *supra,* the petition averred that the premises, at the time of and before making the contract of lease, were in an unsuitable, insecure and dangerous condition, all of which facts were well known to the defendants (lessors) and unknown to the plaintiff.

Were it not for these averments in this petition, that the condition existed at the time of and before the making of the contract of lease, I am of the opinion that the petition would have been open to demurrer, but because of the presence of this averment, it would seem that the petition was not demurrable. Upon the trial of the case, the court found, as a matter of fact, that neither the lessor nor the lessee knew of the defective or decayed condition at the time of the making of the lease, and upon this state of facts, the Supreme Court held the lessors were not liable.

In the case of *Moore* v. *Parker*, 63 Kan., 52, it was averred

that at the time of the making of the lease, the premises were defective and known to be so by the lessor, but unknown to the lessee. A demurrer in that case was overruled, and properly so.

In *Tuhm* v. *Rhodes*, 12 Colo. App., 245, the petition averred that at the time the premises were leased to the plaintiff, they were defective and known to be so to the lessor and unknown to the lessee, and that the lessor concealed the fact. A demurrer to this petition was overruled, and properly so.

In the case of *Coke* v. *Gutkese*, 80 Ky., 598, it was averred that the landlord at the time of the leasing of the premises, had knowledge of the defective condition of the premises which was unknown to the lessee, and a demurrer in that case was overruled.

In the case at bar, I am of the opinion that in order to sustain an action against the defendant, the petition must aver that at the time the plaintiff rented these rooms, there was a latent defect in the premises, to-wit, in the window, known to the landlord, Haverkamp, and unknown to the plaintiff, and which defect she could not have ascertained upon a reasonable examination of the premises. There is an absence of such averments in the petition, and I am, therefore, clearly of the opinion that the petition is defective and does not state a good cause of action, because of the absence of these averments. The petition is subject to the construction that the defect occurred after the renting, and if it did, even though it was known to the landlord and unknown to the tenant plaintiff, there could be no recovery for the reasons above stated.

The judgment of the court, therefore, is that the demurrer to this amended-petition, in the form in which it is now presented, is well taken, and will be sustained.