Shirley Kelly and Michael Kelly, Appellees, v. City National Bank and Trust Company, as Trustee et al., Defendants Below.
On Appeal of Rose Klek and Stanley Koy, Appellants.

Gen. No. 45,739.

Opinion filed November 25, 1952. Released for publication December 16, 1952.

LISS & WACHOWSKI & WACHOWSKI, of Chicago, for appellants; CASIMIR R. WACHOWSKI, and CONRAD J. NADOWSKI, both of Chicago, of counsel.

JOHN G. PHILLIPS, of Chicago, for appellees.

Mr. Justice Tuohy delivered the opinion of the court.

Plaintiffs, husband and wife, were tenants of part of a building damaged by fire on October 21, 1948 located at 5640–42 West North avenue, Chicago, Illinois, the beneficial owners of which were defendants Rose Klek and Stanley Koy, and the legal title held by defendant City National Bank and Trust Company, as trustee. The complaint alleged that the fire was caused through the negligence of defendants. The corporate defendant was dismissed from the case, and the individual defendants appeal from a judgment entered on a verdict in the sum of $8,625 in favor of plaintiffs.

The premises leased by plaintiffs were a store and portion of a basement, part of a three-story structure having 50-foot frontage facing south on North avenue and depth of 70 feet. There were two stores at street level, one of which was occupied by plaintiffs for the retail sales of linoleum, carpeting, tile and wall covering, the other by a tavern. There were four 5-room apartments and two 2½ room apartments above the stores. The basement ran the full length of the building, but was divided approximately in halves by a cement wall between 5642 and 5640. The front, or south portion, of the basement at 5642 was occupied by the plaintiffs as a storeroom and was separated from the remainder of the basement by a trellis partition with a door. Immediately to the north of this partition and extending along the west wall of 5642 were six sheds, about five feet deep, which were occupied by tenants of the building other than plaintiffs for storage purposes. The rear, or north portion, of the basement at 5642 contained laundry facilities for the use of all the tenants of the building and the remainder was used for drying laundry. Wiring, both electric and telephone, some with fuse box connections, ran along certain portions of the basement. The exact location of

this wiring, particularly where it connected with fuse boxes, finds the record in considerable confusion.

Plaintiffs' complaint alleges that defendants "had exclusive control, management and possession of certain portions of said basement," and (1) negligently and carelessly permitted an electric meter or fuse box "to be and to have exposed, loose and open wires," and (2) "carelessly and negligently failed to keep and maintain said premises in proper and fit repair." The defendants' answer denied exclusive control and management of the building, and alleged that the fire in question had its origin in portions of the structure not under control of defendants but in the store or basement occupied by plaintiffs and under their exclusive control. Defendants pleaded a provision of the lease as follows:

"Seventh: Lessor shall not be liable to lessee for any damage or injury to him or his property occasioned by the failure of Lessor to keep said premises in repair, and shall not be liable for any injury done or occasioned by wind or by or from any defect of plumbing, electric wiring, or of insulation thereof * * * nor for any damage or injury arising from any act, omission or negligence of co-tenants, or of other persons, occupants of the same building, or of adjoining or contiguous buildings, or of owners of adjacent or contiguous property, or of Lessor's agents or Lessor himself, all claims for any such damage or injury being hereby expressly waived by Lessee."

A motion to strike from the pleading that portion of the above seventh clause of the lease commencing "nor for any damage or injury arising from any act, omission or negligence of co-tenants etc." was allowed.

██ It thus becomes apparent from the pleadings that whether or not the fire in question occurred in a portion of the premises under the control of the defendants and whether or not the instrumentality which

caused the fire was within the exclusive control of defendants were material issues.

Defendants' principal attack is centered upon plaintiffs' instruction No. 1, which purportedly summarizes the pleadings and which, after such summary, directs a verdict for the plaintiffs. Pertinent portions of the instruction follow:

"The plaintiffs herein claim:

"1. That the defendants were actively engaged in the operation, management and control of the premises located at 5642 West North Avenue, in the City of Chicago.
"* * *

"4. That the defendants, individually and collectively, by themselves and through their agents, were guilty of:

"a. Negligently and carelessly permitted an electric meter or fuse box to be and to have exposed, loose and open wires.

"b. Negligently and carelessly failed to keep and maintain said premises in proper and fit repair.
"* * *

"Defendants deny that they were guilty of negligence in any way and that the fire occurred as a proximate result of their negligence and further deny that the plaintiffs exercised all due care for the safety of themselves and their property.

"If you believe from a preponderance of the evidence, under the instructions of the court, that the plaintiffs have proven that the defendants were guilty of one or more of the acts of negligence, as above set forth and that such negligence, if any, caused or proximately caused the occurrence and damages complained of in the case and that the plaintiffs were then and there and prior thereto in the exercise of ordinary care for the safety of their property, then you should find the said defendants guilty.''

This instruction directs a verdict for plaintiffs and accordingly it must contain every material fact or essential element of recovery. *Montgomery Coal Co. v. Barringer,* 218 Ill. 327. Whether or not plaintiffs were actively engaged in the management and control of the instrumentalities causing the fire was a material fact. Clause seven of the lease requires the tenant to keep in repair the premises demised to him and provides further that the landlord shall not be liable for any injury done by or from any defect in electric wiring or the insulation thereof etc. Granted that this clause may not be interpreted to permit the lessor to relieve himself of the consequences of his own negligence, the other provisions of the clause in a similar lease were upheld in the very recent case of *Jackson v. First National Bank of Lake Forest,* 348 Ill. App. 69. Moreover, aside from the provisions of the lease the law is well established that in the absence of an agreement the tenant has the duty to keep the demised premises in proper and fit repair. *Sunasack v. Morey,* 196 Ill. 569; *Johnson v. Perkins,* 167 Ill. App. 611. Plaintiffs' instruction No. 1 assumes that all portions of the premises in question and consequently all instrumentalities causing the fire were under the maintenance and control of defendants. Assuming that the fire was caused from defective wiring, it appears that not all portions of the wiring were under the defendants' control. There was electric wiring leading to openings in portions of the premises occupied by various tenants including plaintiffs. This being so, it was prejudicially erroneous to give an instruction to the jury which assumed that the defendants were liable for damage sustained by plaintiffs whether or not it occurred through negligent maintenance of instrumentalities under the control of plaintiffs or some person other than defendants, unless there is no evidence whatsoever to establish that it did so occur.

*Clark v. Public Service Co. of Northern Ill.,* 278 Ill. App. 426.

■■ The evidence in the case as to the cause of the fire rests in considerable part upon inferences based upon conditions observed the morning following the fire. While we express no opinion as to the weight of the evidence bearing on the cause of the fire, there is highly conflicting testimony as to the place where the fire originated, whether in those portions under the control of defendants or those portions of the building under the control of plaintiffs.

Witness Charles Rutz, a deputy state fire marshal called on behalf of plaintiffs, testified, without objection, that he had made a report shortly after the fire in which he stated that the fire occurred on the first floor at the west wall of the store occupied by Midwest Linoleum Company where there was an electric outlet opposite a work bench. He further testified, without objection, that the lady in whose store the fire occurred, quoting her husband, stated that the husband saw the fire start near the west wall of the store occupied by plaintiffs. He gave other testimony from which it might be inferred that the fire started in the basement and gave an opinion, over objection, that the fire was probably caused by defective wiring.

Walter Koy, a brother of defendant Stanley Koy, testified on behalf of defendants that after the fire he noticed tar cans in that part of the basement occupied by plaintiffs near where there was some testimony that the fire started; that one 5-gallon can was burned to the bottom. He further testified that there was a ladder racked along the ceiling and which extended from the portion of the storeroom occupied by plaintiffs into the main basement. He testified that the part of the ladder within the portion occupied by plaintiffs was burned and that the other part was not. The witness Zachary Pallasch testified on behalf of defendants that

after the fire it appeared that the damage was confined to the portion of the basement occupied by Mrs. Kelly and the first portion away from her.

While there is other testimony in the record from which inference might be drawn that the fire was occasioned by defective wiring in portions of the basement under the control of the landlord, a question of fact was presented on the issue, and under such circumstances the instruction constitutes reversible error.

Defendants urge that it was error to have permitted the deputy fire marshal Rutz and a fire lieutenant John Maguire to give opinions as to the cause of the fire. We have carefully examined the testimony of these witnesses and we think the objection to their opinions was well taken. No sufficient foundation was laid in the questions asked or the answers given to qualify either one of these men to give an expert opinion as to the cause of this fire. The opinions usurped the province of the jury and were highly prejudicial. *Fellows-Kimbrough v. Chicago City Ry. Co.,* 272 Ill. 71.

Inasmuch as the case is to be tried again, we are of the opinion that the fullest latitude in the cross-examination of the witness Paul Roberts as to damages of the articles examined by him in plaintiffs' store after the fire should be allowed.

We have examined refused instructions complained of and find no prejudicial error in the rulings of the court in this connection.

There appears no good reason why the evidence in this case should not show with considerably more clarity the physical locations of the electrical wiring and fuse boxes in the basement, the locations of attachments of wires to fuse boxes, and the location of electrical outlets in the building. We trust that on a retrial the confusion occasioned by the failures in this respect will be eliminated.

The judgment of the superior court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

ROBSON, P. J. and SCHWARTZ, J., concur.