# PATRICK J. BLAKE

## v.

# BELLE RANOUS.

*Landlord and Tenant—Defect in Plumbing—Action against Landlord for Damages.*

1. In an action against a landlord for injuries resulting from the unsafe condition of the building leased or any of its appendages, the declaration should state facts which affirmatively show the landlord's duty or obligation to make repairs. The duty does not spring from the relation of landlord and tenant and will not be presumed but must be both stated and proved.

2. The landlord is not bound, under the penalty of fraud, to disclose defects in the plumbing of a building, even if they are known to him.

[Opinion filed March 28, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This action was brought to recover from appellant damages for falsely, fraudulently and deceitfully representing a certain building owned by him and which appellee was about to lease, to be in good repair, in a sanitary condition, and fit for occupancy, whereby appellee was induced to lease and occupy said building.

The original declaration counted on the false representations and stated the injury sustained by plaintiff in her business, health, etc. On the trial plaintiff amended her declaration by filing a count which alleged the ownership of the building (a two-story brick house) by defendant, the leasing of the same by plaintiff, her occupancy, and the payment of rents, and stating that it was the duty of defendant to maintain and have said premises at the time of said leasing and during the term in a good and healthful state of construction, repairs, cleanliness, and free from noxious gases, vapors and other impurities, and to have the same in such state that the

Blake v. Ranous.

sewers and basins in and about the said premises would not emit and discharge into the rooms and apartments so leased to plaintiff and so occupied by her, yet the said defendant, not regarding his duty, etc., did not keep, have and maintain said premises in such state of repair, etc., but during the whole of said term, kept and maintained said premises in a bad state of construction and repair, and the drains were foul and the pipes and sinks out of repair; that plaintiff was made sick, etc. The evidence tended to show that plaintiff examined the rooms in the house before she rented; that defendant, while showing the house to her, stated that he was a plumber and had done the plumbing of the house himself and knew that it was in good condition; that plaintiff, in going over the house, noticed a bad smell in some of the rooms and called defendant's attention to it, and he said it was because the house had been closed up, and laughed at her suggestion that it might be sewer gas; that plaintiff became sick and feeble after she had been in the house about two months, and that other persons who were in the house and of her family also became sick.

She remained in the house and paid the rent till the 1st of May, and then moved out after she refused to sign a lease, and after a five-day notice had been served upon her. An examination of the premises by plumbers disclosed that there was a loose joint in the waste pipe, that had never been connected, and through this the gases and odors escaped into the house.

The court gave to the jury, among others, for the plaintiff, the following instruction:

"*Third.* The jury are instructed that if they shall find, from the evidence in this case, that the defendant, being the owner of the premises mentioned in evidence, in the City of Chicago, leased the same to the plaintiff, to be used by the said plaintiff as a place both of business and residence, and that the plaintiff entered into and occupied the same as tenant of the defendant, and that the said premises, at the time of said leasing, were, and during the time they were so occupied by the plaintiff continued to be, in such unclean and unwholesome condition, without fault of the plaintiff, as to cause sick-

ness to the plaintiff, and if the jury believe, from the evidence, that by reason of impure air or gaseous vapor arising from the defective condition of the sewerage or other appurtenances of the said premises, the health of the plaintiff was impaired, so as to cause the plaintiff pecuniary loss and expense, if any, shown by the evidence to your satisfaction, and damage, and that all of the loss and damage aforesaid resulted directly from the unclean and defective state of the said premises, as above set forth, and without fault of the plaintiff, then the jury will find for the plaintiff, and will allow her such damages as will compensate her for the damage and injuries suffered by her, which the jury shall believe, from the evidence, the plaintiff has sustained, by reason of her aforesaid occupancy of the said premises, if the jury shall believe, from the evidence, that said injury resulted to the plaintiff from the defective construction or condition of the said premises, and without fault of the said plaintiff."

There was a verdict by the jury in favor of plaintiff, and the damages were assessed at $1,500, for which sum a judgment was entered, and the case is brought to this court by appeal, and the giving of the instruction above set out assigned for error.

Mr. S. P. McCONNELL, for appellant.

"A landlord who lets a house which is out of repair is not liable to the tenant, or lodgers therein, for any injury they sustain during the term by reason of such want of repair, for there is no law against letting a tumble-down house. The tenant's only remedy, if any, is upon his contract with the lessor." 1 Washburn, p. 470.

"To the tenant the landlord is not liable for a nuisance existing on the premises at the time when the lease was made, nor for defects therein, unless the defect is latent, and the landlord has been guilty of fraud or actual concealment or deceit in the letting." Wood's Landlord and Tenant, p. 921; Taylor's Landlord and Tenant, pp. 380, 381, 382; Addison on Torts, 1–211; Bowe v. Hunking, 135 Mass. 380; Jaffe v. Harteau, 56 N. Y. 398; Clancey v. Bryne, 56 N. Y. 129; Kuhn v. Laury, 3

Oregon, 206; Hart v. Windsor, 12 M. & W. 85; Libby v. Tolford, 48 Me. 316.

Messrs. HENRY T. HELM and CHAS. H. MITCHELL, for appellee.

The owner of premises is bound to so construct and have the same, as that it shall not constitute a pest-house held out for rent, under the guise of clean walls and attractive external appearances. Such a tenement is a nuisance within the meaning of the law, and such this count and the testimony in this case show the premises in question to have been.

It is true the word "repair" is used in that count in connection with the alleged duty of the defendant, but is in connection with the allegations which put upon him the duty to " maintain, keep and have the premises at the time aforesaid in a good, healthful state of construction, repairs and cleanliness, and free from noxious gases, vapors and other impurities, and to have and maintain the same in such state and condition of construction, that the sewers and basins, closets and sinks would not emit and discharge into the rooms and apartments leased to the plaintiff poisonous and noxious gases, injurious to the health and physical comfort of the plaintiff," etc.

Now we submit that in the law such was the duty of the defendant in the absence of all agreements relating to the subject, that the contrary would be to allow him to set up and maintain a nuisance, and hold it out to entice people into the same, and seek to obtain rental from them for so entering and occupying. The authorities cited in Reichenbacher v. Pakmeyer, 8 Ill. App. 218, fully sustain this position. Gridley v. Bloomington, 68 Ill. 47; Godley v. Hagerty, 20 Pa. St. 387; Swords v. Edgar, 59 N. Y. 28; Todd v. Flight, 90 Eng. C. S. Rep. 377.

MORAN, P. J.   We have been referred to no cases and have been unable to find any which supports the theory of a landlord's liability, set out in the amended declaration and announced in the instruction given to the jury to which exception is taken.

"To the tenant, the landlord is not liable for a nuisance existing on the premises at the time when the lease was made, nor for the defects therein, unless the defect is latent and the landlord has been guilty of fraud or actual deceit in the letting." Wood's Landlord and Tenant, 921, and cases there cited.

There is no implied contract on the part of a landlord that the leased premises are tenantable or that they will continue so during the term, nor is he bound to repair unless he has expressly agreed to do so in the lease or contract of hiring, and a promise to repair, made after the lease is entered into, is a mere *nudum pactum*, and no liability exists for a failure on his part to make such repairs. Wood's Landlord and Tenant, Sec. 382, Lucas v. Cutler, 104 Ind. 81; Fisher v. Lighthall, 4 Mackey, 82.

In an action against a landlord for injuries resulting from the unsafe condition of the building leased or any of its appendages, the declaration should state facts which affirmatively show the landlord's duty or obligation to make repairs. The duty does not spring from the relation of landlord and tenant and will not be presumed but must be both stated and proved. Kahn v. Love, 3 Oregon, 206.

Both the amended declaration and the instruction given assert the duty as based upon the mere fact of letting the premises alone. Such a doctrine is decidedly opposed to all the cases.

There may be passive concealment by a landlord of some matter which, under the circumstances, it would be his legal duty to disclose, and in such case he may be made liable for the result as for a negligent act from which injury results, as where tenements were let which were known to the landlord to be infected with small-pox, a fact which no examination which the tenant could make would have disclosed. Minor v. Sharon, 112 Mass. 477; Cesar v. Krautz, 60 N. Y. 229.

But a defect in the plumbing of a building is like a defect in the flues of a chimney, or a leak in steam pipes, or a fault in the heating apparatus. As was said in Carson v. Whiting, 12 Daly, 408, "these imperfections can not be discovered,

Blake v. Ranous.

perhaps, by any examination that the intending tenant can be expected to make, but yet it has never been held that the landlord is bound, under the penalty of fraud, to disclose such defects, even though he be aware of them.   The tenant is as much bound to make ordinary repairs to the plumbing, as he is to make any other ordinary repairs in a house that he imprudently leases whilst it is out of order."   If a landlord by artifice or contrivance prevents the intending tenant from discovering defects, or if he fraudulently misrepresents the condition of the building in some material particular wherein he claims special knowledge, knowing that the tenant relies on his representation, and not on investigation or examination, no doubt the tenant may rescind the contract of lease, and vacate the building upon discovering the hidden defect, or the falsity of the representation, and may defeat upon such facts any claim for rent based upon the lease.

Whether the tenant may continue to occupy the premises after circumstances have arisen, which would put a prudent person on notice that the representation was false, and then recover damages for sickness caused by the bad condition of the premises, is a question which we are not called upon at this time to determine.

The amended declaration and the instruction which we are discussing are not based on that phase of the case.   Neither are they grounded upon the theory that the landlord has maintained a nuisance on premises over which he and not the tenant had control, and from which the tenant suffered injury.

The case of Marshall v. Cohen, 44 Ga. 489, and cases similar in principle cited by counsel for appellee, are wholly unlike the case stated in the amended declaration, and do not support the instruction.

It is unnecessary to discuss other instructions, or other alleged errors in the case.   For the errors pointed out the judgment will be reversed and the cause remanded to the Circuit Court.

*Reversed and remanded.*