## George B. Haines v. N. J. Downey.

1.   Landlord and Tenant—*Fraudulent Concealment by the Lessor.* —If a landlord by artifice or contrivance prevents the intending tenant from discovering defects, or if he fraudulently misrepresents the condition of the premises in some material particular wherein he has special knowledge, knowing that the tenant relies on his representation, and not on investigation or examination, the tenant may rescind the lease, and vacate the building upon discovering the hidden defect, or the falsity of the representation, and he may defeat upon such facts any claim for rent based upon such lease.

**Motion for Judgment by Confession.**—Error to the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1899.   Affirmed.   Opinion filed January 2, 1900.

F. J. Standard, attorney for plaintiff in error.

Jul. H. Geweke, attorney for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

The assignments of error call in question the correctness of an order of the Circuit Court denying the motion of the plaintiff in error to permit a judgment by confession, entered in pursuance of a power of attorney attached to a certain indenture of lease to stand as security and the cause to be reopened and plaintiff in error allowed to interpose and make a defense.

The lease bears date April 23, 1897, and is for a term of one year, beginning May 1, 1897.   Among the recitals contained in the lease is one that the lessee, plaintiff in error,

"has examined and knows the condition of said premises, and has received the same in good order and repair, except as hereon otherwise specified, and that no representations as to the condition of repair thereof have been made by the party of the first part (defendant in error) or the agent of said party."

In support of the motion, the plaintiff in error made affidavit that "subsequent to the time of the making of said lease and prior to the time for the commencement of such occupancy, deponent for the first time learned that said leased premises were uninhabitable, unfit for occupancy and in such a condition as to endanger the health and life of deponent and his family if they occupied the same, by reason of defective water and sewerage connections, causing in times of rainfall the cellar to become overflown with water, which in its standing condition emitted stenchful fumes and odors which permeated every part of the first floor above so leased; that at the time of such leasing deponent was not aware of and could not discover such condition of such leased property for the reason that said time of said leasing was in the middle of a period of comparative drouth and lack of rainfall; that said plaintiff must have been aware of such condition of said leased property at the time of such leasing, and deponent alleges upon information and belief that said plaintiff had knowledge in fact and was aware of such deleterious and uninhabitable condition of said property, but failed to disclose to, and concealed from deponent such knowledge."

The position taken by plaintiff in error in his briefs, excuses us from discussing any questions except the one of fraudulent concealment by the defendant in error of an inherent, invisible and unobservable defect in the premises of a deleterious nature that rendered them uninhabitable, and entitled the plaintiff in error to rescind the contract of lease.

That the fraudulent concealment by a landlord of a latent and deleterious defect known to him in the premises let by him, would, if the defect were sufficiently serious in consequences, be equivalent to an eviction of the tenant and entitle the latter to rescind the contract of lease, seems too plain a proposition to require the citation of authority. But see Wood's Landlord & Tenant (1st Ed.), 805 and 921.

And, perhaps, it is not too broad a statement to say that if the landlord knew of a defect in the premises which it was his legal duty to disclose, and concealed it under circumstances making it his duty to disclose it, the lessee would, generally, be relieved from the payment of rent under the lease.

" If a landlord, by artifice or contrivance, prevents the intending tenant from discovering defects, or if he fraudulently misrepresents the condition of the building in some material particular wherein he claims special knowledge, knowing that the tenant relies on his representation and not on investigation or examination, no doubt the tenant may rescind the contract of lease and vacate the building upon discovering the hidden defect, or the falsity of the representation, and may defeat upon such facts any claim for rent based upon the lease." Blake v. Ranous, 25 Ill. App. 486.

But the only showing made in this case of any dereliction on the part of the landlord is that " he must have been aware " of the uninhabitable condition of the premises at the time of letting them, and, upon information and belief, that " he had knowledge in fact and was aware of such deleterious and uninhabitable condition," and failed to disclose it and concealed it.

Such conclusion and such a statement upon information and belief, of knowledge, generally, with nothing specifically stated, could not be shown in evidence and could not, if proved in the words of the affidavit, sustain a defense to a suit for rent accrued upon the lease.

It may be a hard case, but there is nothing in the record by which we may say the Circuit Court erred in denying the motion, and the judgment will have to be affirmed.