## Robert W. Sunasack v. Lydia J. Morey et al.

| 98 | 505 |
| r196s | 569 |
| 98 | 505 |
| 115 | ²570 |

1. LEASE—*Definition—Rights of the Parties—Liability of the Landlord for Representations.*—A lease is a sale of the right to use and occupy premises for a certain time, and to which the rule of *caveat emptor* applies. The landlord is not liable for representations as to the condition of the premises concerning which the lessee has the same opportunity for observation and examination that he has, unless by some artifice the lessor prevents him from making an examination as to latent defects known to the lessor and unknown to the lessee, and of which knowledge could not be ascertained by an ordinary and reasonable examination.

2. LANDLORD AND TENANT—*Liability to Keep the Premises in Repair.*—A landlord is not bound to repair or to keep the demised premises in a habitable or tenantable condition unless he has expressly agreed to do so, in which case, if he fails to keep his promise, the tenant may cause the repairs to be made and charge them to the landlord, or he may abandon the premises.

3. SAME—*Liability of the Tenant for Nuisances.*—A tenant is not liable for a nuisance existing on the premises at the time the lease is made, nor for a defect in the premises, unless the defect is latent and the landlord has been guilty of fraud or deceit in the letting.

4. SAME—*Right of Control During the Term.*—When a tenant enters into possession of premises under a lease, the landlord, during the term, parts with all his right of control over the same, except as to injuries affecting his reversionary interests.

5. PLEADING—*Allegations of Duty in Actions for Neglect of a Duty.*—In an action for a neglect of a duty by the defendant it is not sufficient to allege in the declaration that it was the duty of the defendant to do certain things. Facts from which his duty arises must be stated.

**Trespass on the Case.**—Injuries from sewer gas. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

W. P. BLACK and A. B. CHILCOAT, attorneys for appellant.

HECKMAN, ELSDON & SHAW, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action brought to recover damages sustained in consequence of the presence of sewer gas in a house leased and occupied by the plaintiff, both as a residence and as a barber shop.

It was alleged that it was the duty of the defendants to keep the premises in good order, particularly as to sewerage; and that, disregarding this duty, defendants suffered the premises to be in bad order and sewer gas to escape therein in such quantities as to become dangerous for tenants; all of which was well known to defendants, or by the use of ordinary care could and should have been known to them; that the defendants had assured the plaintiff that the premises were free from sewer gas and in a healthy condition, relying upon which assurances plaintiff rented a portion of said premises for a barber shop and dwelling place for himself and family; that soon thereafter he discovered sewer gas escaping from sewers connected with said building, into the premises occupied by him; that he gave notice to defendants and they promised that the same should be remedied, but failed to do so, and by reason thereof serious and permanent injury to his wife and children followed, and he was required to and did lay out large sums of money for the healing of himself, wife and children; that by the ordinances of the city of Chicago it was provided that for any person to suffer any sewer or drain on the premises to become injurious to the public health should constitute a nuisance; that it was the duty of the defendants to have complied with said ordinances, but they negligently disregarded the same and permitted the nuisance to continue, to the great injury of the plaintiff and his family.

In other counts it is also alleged that the bad and unsafe condition of the premises on account of escaping sewer gas "was well known to defendants, or of which they had notice, and was wholly unknown to the plaintiff;" that the plaintiff moved into said premises with his family and there-

after discovered that sewer gas was escaping into that part of the building occupied by him; " that the discovery made by plaintiff was occasioned by the sickness of himself and divers members of his family which continued for a long space of time thereafter."

A demurrer to the declaration was sustained and judgment entered for the defendants, from which the plaintiff appeals.

There is, in respect to the leasing of property, as in respect to the sale thereof, no implied warranty or undertaking on the part of the landlord or grantor that the premises are in a safe and healthy condition or fit for occupancy, either for the purpose of business or residence. A lease is a sale of the right to use and occupy the premises for a certain time. As to both lease and sale the rule *caveat emptor* applies. Nor is landlord or grantor liable for representations as to conditions concerning which the lessee or grantee has the same opportunity for observation and examination that has the lessor or grantor, unless by some artifice, the lessor or grantor prevents the lessee or grantee from making an examination as to latent defects known to the lessor or grantor and unknown to the lessee or grantee, and of which knowledge would not be obtained by an ordinary and reasonable examination, as that the premises had lately been occupied by persons sick with the small-pox. Minor v. Sharon, 112 Mass. 477; Coulson v. Whiting, 12 Daly, 408; Wood's Landlord and Tenant, Sec. 382; Fisher v. Lighthall, 4 Mackay 82; Lucas v. Coulter, 104 Ind. 81.

Most of the questions involved in this case were passed upon and determined in Blake v. Ranous, 25 Ill. App. 486, which was an action brought to recover from Blake damages "for falsely, fraudulently and deceitfully representing a certain building owned by him, and which appellee was about to lease, to be in good repair, in a sanitary condition and fit for occupancy, whereby appellee was induced to lease and occupy said building."

A tenant is not liable for a nuisance existing on the premises when the lease was made, nor for defect in the premises,

unless the defect is latent and the landlord has been guilty of fraud or deceit in the letting, as in the case of premises lately occupied by persons sick with an infectious disease. Nor is the landlord bound to repair or to keep the premises in a habitable or tenantable condition, unless he has expressly agreed to do so, in which case, if he fails to keep his promise, the tenant may cause repairs to be made and charge the same to the landlord, or may abandon the premises.

It is not sufficient in a declaration to allege that it was the duty of the defendant to do certain things. Facts, from which said duty arises, must be stated. Appellant quotes from Chicago Coal Company v. Glass, 34 Ill. App. 367, the statement that "the rule is well nigh (if not entirely) universal that men must so use their own property, and so exercise their own privileges, that they do not thereby destroy or imperil the rights of others."

In reference to this, it must be borne in mind that for all the purposes of use to which premises can be put, they are from the beginning of the lease the property of the tenant, and he has the right to keep them in a tenantable and habitable condition; and that for a nuisance arising on the premises during the tenancy, even as to third persons, the landlord is not liable, unless the nuisance necessarily arises from the use of a thing demised, or for the use for which it was demised; and where the use of the premises may or may not become a nuisance, according as the tenant exercises reasonable care or uses the premises negligently, the tenant alone is chargeable for the damages arising therefrom. Wood's Landlord and Tenant, Sec. 539.

When a tenant enters into possession of premises, under a lease, the landlord during the term parts with all his right of control over the same, except as to injuries affecting his reversionary interests. Wood's Landlord and Tenant, Sec. 538.

Counsel in their brief say:

"That they do not insist that the landlord was bound to repair, because during the tenancy he had promised to do

so, but that the allegation of such promise is put in the declaration for the purpose of showing why the tenant remained in the premises after he discovered the presence of sewer gas."

The declaration is thus put upon the representation of the landlord concerning a matter of which it is not charged he had actual knowledge, and concerning which there is no allegation that anything was done to prevent the plaintiff's making full examination, nor is it charged that he did not have ample opportunity so to do.

So far as the ordinance of the city is concerned, it appears that so soon as the lease was made it became the duty of the lessee to keep the premises in the condition prescribed by the ordinance and to abate any nuisance existing thereon. The judgment of the Circuit Court is affirmed.