DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

### Lazarus & Cohen v. Hattie S. Parmly.

#### Gen. No. 11,093.

1. NUISANCE—*what essential to constitute.* To constitute the condition or use of premises a nuisance, some legal right, public or private, must be violated and it must work some material annoyance, inconvenience or injury, either actual or implied, from the invasion of the right.

2. NUISANCE—*what is private.* A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another.

3. LANDLORD—*when, not liable to tenant for injury resulting from nuisance.* A landlord is not liable to his tenant for injury resulting to his personal property from a nuisance existing on the demised premises at the time of the letting, nor for injury to such property by defects existing therein at such time, unless the same are latent and the landlord has been guilty of fraud, actual concealment or deceit in such letting.

4. CAVEAT EMPTOR—*application of rule of, as between landlord and tenant.* This rule applies to a contract of letting, and the landlord, in the absence of an express agreement with the tenant, is not bound to make repairs and is not liable for damages resulting from the premises being out of repair. If, however, there are hidden defects causing danger to persons or property, which a careful examination would not disclose but which are known to the landlord, and the latter fails to reveal them to the tenant, the landlord will become liable to the tenant for damages actually resulting from such concealed defects.

5. DEMISED PREMISES—*no implied contract as to fitness.* There is no implied contract upon the part of the landlord that demised premises are fit for the purpose for which the lessee requires them.

(624)

Lazarus & Cohen v. Parmly.

Action on the case for injury to personal property.    Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1903. Affirmed.    Opinion filed April 22, 1904.

TAYLOR & MARTIN, for appellants.

HECKMAN, ELSDON & SHAW, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action on the case by tenants against a landlord.    Appellants seek to recover for damages to a stock of goods alleged to have been damaged by rain water coming through a defective roof.    A general demurrer to the declaration was sustained by the Circuit Court, and, appellants electing to stand by their declaration, the suit was dismissed at appellants' costs.    The question presented by this appeal is the sufficiency of the declaration.

It is claimed in behalf of appellants that the condition of the roof as described in the various counts of the declaration constituted a nuisance; that the premises were let with a nuisance upon them, of which the landlord was aware; and that appellee is liable for damages to appellants' goods, upon the ground of negligence in leasing a building so constructed that in the ordinary course of events injury was bound to be inflicted upon property of the occupants. The contention is that because when premises are knowingly let with a dangerous nuisance upon them and a third party is injured thereby, the landlord may be held liable for his negligence or other fault, therefore upon the same principle the landlord should be held liable to a tenant who suffers injury.    The liability, however, of the landlord to strangers rightfully on premises, the possession of which he has parted with under a lease, but which at the time of the letting contained a dangerous nuisance for which the owner is responsible, rests upon principles not applicable to the tenant.    The latter is in a position in that respect somewhat similar to the grantee of the fee.    Jaffe v. Har-

teau, 56 N.Y. 398–401; 2 Shearman & Redfield, Negligence, secs. 709–711.

To constitute the condition or use of property a nuisance, some legal right must be violated, either public or private, and it must "work some material annoyance, inconvenience or injury, either actual or implied, from the invasion of the right." A. & E. Ency. of Law, 2nd ed., vol. 21, p. 686. A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another. Any unwarrantable, unreasonable or unlawful use by a pêrson of his own property, real or personal, to the injury of another, comes within the definition and renders the owner or possessor liable for all damages arising from such use. Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322–326, and cases there cited. The defect here complained of is claimed to have been inherent in the construction of the building, and of such a character that the leakage and consequent injury to tenant's property followed of necessity from the nature of the construction. This, of itself, would not suffice to make the landlord liable. It is well settled law that the landlord is not liable to the tenant "for a nuisance existing on the premises at the time the lease is made, nor for the defects therein unless the defect is latent, and the landlord has been guilty of fraud, actual concealment or deceit in the letting." Woods' Landlord & Tenant, (ed. of 1881) p. 921. The rule of *caveat emptor* applies to a contract of letting, and the landlord in the absence of an express agreement with the tenant is not bound to make repairs, and is not liable for damages resulting from the premises being out of repair. If, however, there are hidden defects causing danger to persons or property, which a careful examination would not disclose but which àre known to the landlord, and the latter fails to reveal them to the tenant, the landlord will become liable to the tenant for damages actually resulting from such concealed defeçts. Sunasack v. Morey, 196 Ill. 569–571; Borggard v. Gale, 205 Ill. 511–514. If such a state of facts is shown in the declaration under consideration the foundation is laid for

Lazarus & Cohen v. Parmly.

an action in tort, and the demurrer should have been overruled; otherwise the Circuit Court's ruling was correct.

The declaration contains seven counts.    These all charge that the roof of the building was so improperly constructed that rain water would not properly drain off, but in a sudden downpour would, and did run through a skylight, inflicting the damage complained of.    The fifth and sixth counts further allege that the roof was at the date of the lease, covered with "gravel, soot, dust, dirt and debris," which the appellee permitted to remain there until the commencement of the suit; a condition for which in the absence of a covenant to repair, it is difficult to see wherein appellee can be liable.    In none of the counts is it averred nor is there any statement of facts from which the conclusion would follow, that the defects complained of were latent or concealed, or that they were not apparent to ordinary or even casual observation when the lease was made, or were such as a careful examination by the tenant would not have then disclosed.    There is in one count an averment that the alleged defects were known to the landlord and unknown to appellants but this is not sufficient.    The alleged defects not being latent or concealed, it was the duty of the lessees to make an examination themselves to ascertain whether the premises were safe and tenantable. There was no implied contract that they were fit for the purpose for which the lessees required them.    Washburn on Real Prop., 5th ed., star p. 349; Cowan v. Sunderland, 145 Mass. 165; Blake v. Ranons, 25 Ill. App. 486; Mendel v. Fink, 8 Ill. App. 378.

For the reasons indicated the demurrer was properly sustained, and we need not consider other matters argued in the briefs.    The judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice BAKER having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.