## J. C. Harlow et al., Plaintiffs in Error, v. Jacob Kulik, Defendant in Error.

## Gen. No. 16,720.

1. LANDLORD AND TENANT—*when promise to repair nudum pactum.* If the lease between the landlord and tenant relieves the landlord from all obligation to repair, a promise to repair by the landlord without consideration is of no force and effect.

2. LANDLORD AND TENANT—*when damage resulting from disrepair of roof cannot be recovered.* A tenant cannot recover of his landlord if injury to his property results from the disrepair of the roof of the premises demised, such roof being a part of such premises, and the lease between the parties recites that the tenant had received the premises in

good repair, and releases the landlord from any such damage occurring from the cause in question.

3. LANDLORD AND TENANT—*when occupant under lease acquires no rights.* The assignee of a lessee who is in possession without the consent of the landlord and whom the landlord has in no way recognized is in no position successfully to maintain an action against the landlord for damages resulting to his property through the defective condition of the demised premises.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

GEORGE M. STEVENS, for plaintiffs in error.

ROYAL W. IRWIN and FRANK W. KORALESKI, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

J. C. Harlow and Robert Stockmar, co-partners, plaintiffs in error, brought a suit in the Municipal Court of Chicago, against Jacob Kulik, defendant in error, to recover damages caused by the negligence of the defendant in error in failing to repair and keep in repair premises which he owned in the city of Chicago, and by reason of the want of repair rain and water from the roof of the premises came through the rear part of the premises occupied by plaintiffs in error, and damaged a piano and fixtures, the property of the plaintiffs in error.

On the trial of the action the court ruled out all the evidence offered by the plaintiffs to prove their cause of action, and directed the jury to find a verdict for the defendant. A judgment was entered upon the directed verdict. This writ of error is prosecuted by the plaintiffs in error to reverse the judgment.

It appears from the record that during the summer of 1909 plaintiffs in error owned and operated a theatre in a building known as No. 196 and 198 Sheffield avenue, Chicago, which premises were owned by the

defendant in error. The premises consisted of a build-
ing extending from the street in front back to an alley.
The front of the building, from the street running back
about half the length of the building, was three stories
high, the first floor being used as a theatre by the plain-
tiffs in error, and the second and third floors being
used as flats and rented by the owner to private fam-
ilies. The rear part of the building is only two stories
in height, and is used as a part of the theatre, the
entire first floor in front under the flats together with
the rear half of the building being fitted up for that
purpose.

It appeared that on the 12th day of November, 1908,
the defendant in error leased the theatre by written
lease to the Double Whirl Manufacturing Company for
the term of five years and one month from December
1, 1908, and that plaintiffs in error were occupying
the theatre under and by virtue of an assignment of
the lease to them, the defendant in error having never
assented to the assignment.

In the month of August, 1909, the roof over the rear
part of the theatre and back of the flats was out of
repair, and rain and water from the roof of the front
flats came through the roof over the rear part of the
theatre and destroyed the decorations therein and
ruined the piano and other furniture. It is claimed
that the property of the plaintiffs in error was dam-
aged to the amount of $90 or $100, and that the busi-
ness of the plaintiffs was damaged to the amount of
about $43 a week.

The contention of the plaintiffs in error in the trial
court was that the defendant in error had possession
and control of the roof, and that it was his duty to
keep it in repair. They further contend that he prom-
ised the plaintiffs in error that he would repair the
roof and did attempt to repair it, but that the repairs
were done in such a negligent manner that the leak
was made worse instead of being repaired.

In answer to this contention of plaintiffs in error on the trial the defendant in error showed that by his lease to the Double Whirl Manufacturing Company, under which these plaintiffs in error claimed to have possession of the theatre, the premises described in the lease were all the first floor store from street to alley and all space in rear flats above said first floor of the building situate and known as No. 196-198 Sheffield avenue. As to the first charge of negligence made in the complaint, namely that the defendant in error was negligent in the use of the roof, there was no evidence to support it, for the roof was a part of the premises described in the lease, and there was no evidence in the record showing that the defendant in error used the roof at all; the only evidence as to the use of the roof was that certain tenants used the roof over the theatre for the purpose of drying clothes and as a place to dump things. It is clear that the roof was a part of the demised premises, and that the defendant in error had no control over it. As to the second charge of negligence,—that the defendant promised to make certain repairs on the roof and failed to perform his agreements in that respect, and that in making the repairs the repairs were carelessly done,— turning again to the lease under which the plaintiffs in error occupied the premises we find a clause to the effect that the lessee covenanted that he had examined the premises and knew the condition of the same, and that he received the same in good order and repair; and a further clause provides that the owner should not be liable for any damages occasioned by any failure to keep the premises in repair, nor for damages occasioned by water, snow or ice being upon or coming through the roof, nor for the neglect of co-tenants. It appears, therefore, that by the very terms of the lease under which the plaintiffs in error occupied the theatre, the plaintiffs in error knew the condition of the premises and received the same in good order and re-

pair, and that they covenanted that the owner was not liable for any damages occasioned by failure to keep the premises in repair, nor for damages occasioned by water, snow or ice being upon or coming through the roof. If, with a subsisting lease of this kind between the parties, the defendant in error promised the plaintiffs in error to make repairs on the roof that promise was a mere *nudum pactum* and of no force and effect. Blake v. Ranous, 25 Ill. App. 486.

The case then presents a situation where a roof which had been included in the lease was out of repair, and by reason of its being out of repair damage was done to plaintiffs' property; but by the very covenants in the lease the plaintiffs in error had received the premises in good order and repair and had released the defendant in error from the damages claimed. We are of the opinion that no recovery can be had by the plaintiffs in error against the defendant in error for the damages sued for, upon the facts shown in the record.

A further contention is made by the defendant in error,—that the plaintiffs in error had no right in the premises at all, for the reason that the lease was made by the defendant in error to the Double Whirl Manufacturing Company, and by clause four of the lease it was provided that the lessee should not assign the lease without the written consent of the lessor. No consent of the lessor to the assignment of the lease to plaintiffs in error was shown, and no right was shown in plaintiffs in error to the possession of the theatre under the lease,—except that the plaintiffs in error were the assignees of the Double Whirl Manufacturing Company, which had no right to make an assignment without the written consent of the defendant in error. The testimony bearing upon this feature of the case is that the defendant in error never recognized the plaintiffs in error in any wise as his tenants, but always made his receipts for rent run to the Double

Whirl Manufacturing Company. We think that the plaintiffs in error could obtain no rights under the lease without first obtaining the written consent of the defendant in error, and inasmuch as they had not obtained such consent, they had no rights under the lease.

In our opinion, the finding and judgment of the Municipal Court was correct and the judgment is affirmed.

*Affirmed.*