## Annie Lovas by Annie Lovas, her next friend, Appellee, v. Independent Breweries Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Granite City, Madison county; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Annie Lovas, minor, by Annie Lovas, her mother as next friend, plaintiff, against the Independent Breweries Company and Wagner Brewing Company, defendants, in the City Court of Granite City, Madison county, to recover for personal injuries sustained by the breaking of a porch railing on a house owned by defendants and occupied by plaintiff's mother, causing plaintiff to fall to the ground, a distance of about twenty-two feet. The suit was dismissed as to Wagner Brewing Company. From a judgment for plaintiff of $7,000, defendant appeals.

The amended declaration charged, in substance, that on October 2, 1913, and prior thereto, the Wagner

Brewing Company and defendant were the proprietors and in charge of a two-story frame building rented and occupied by Annie Lovas, the mother of plaintiff; that on said date the porch on the second floor in the rear of the building and the railing thereon were defective, being rotten at each end and the nails therein being rusted; that the said defects were secret and latent and were known to the defendant but were unknown to plaintiff and her mother, and could not have been known to them by the exercise of due care and by careful examination and observation; that plaintiff was ten years of age, and resided with her mother in the premises; that on July 7, 1914, while plaintiff was leaning against the railing and while in the exercise of due care for her own safety, not knowing of its dangerous condition, the railing gave way and fell, causing her to fall to the ground, injuring her, etc.

The building was a two-story frame structure containing two large rooms downstairs used as a saloon and grocery store, and eight rooms upstairs used for living rooms. The porch in question was on the second floor, at the rear of the building, and reached either by a stairway leading up from the ground on the outside or from one on the inside of the house. A hallway on the second floor ran through the entire middle of the building, dividing the upstairs rooms into groups of four on each side, and opening through a door onto this porch. The porch was about twenty-two feet from the ground, extending along the north end of the house and about fifty feet long from east to west and about seven feet wide. It had a banister or railing from two and one-half to three feet high around the three sides, except where the outside stairway entered it. This porch was used by the occupants of the building in connection with the living rooms. The evidence as to the condition of the railing was conflicting. Plaintiff's witnesses testified that there were secret and latent defects in the banister on the porch; that atten-

tion was called to such defects by a former tenant prior to the time the same were rented to plaintiff's mother; that the banister was not repaired but remained in a defective condition from October 2, 1913, the date of the injury. Anna Lovas, mother of plaintiff, testified that the top railing of the banister looked all right, and that she did not know of its defective condition either at the time she rented the premises nor at any time until after the accident. Plaintiff testified that she knew nothing of the defects. Defendant's witnesses testified that no notice was given them by any one of the defects.

One of defendant's witnesses, a carpenter, who was in its regular employ and whose duty it was to look after its different buildings, testified that he repaired this banister and the railing around the porch on October 1, 1913, and again on October 18, 1913, and placed said banister in good sound condition.

VAUGHN & MEYERSTEIN and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

J. M. BANDY, R. W. GRIFFITH and H. J. BANDY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 233*—*when landlord liable for injuries due to defects in premises.* The owner of premises rented to tenants is liable if in the premises there are secret and latent defects known to the owner but unknown to the tenant, and which cause injury to the tenant or her family.

2. LANDLORD AND TENANT, § 258*—*when evidence sufficient to show latent defects in porch railing.* In an action by a minor to recover for personal injuries sustained in falling from a porch of a house occupied by his mother, with whom he resided, as a result of the breaking of the rail of such porch while plaintiff was lean-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing thereon, where the evidence was conflicting, evidence *held* sufficient to warrant the jury in finding that at the time plaintiff's mother moved into the premises there were latent defects in such rail, and that no repairs were made thereon until after the accident.

3. LANDLORD AND TENANT, § 206*—*when landlord required to repair porch.* Where a porch is used in common by two tenants the landlord is required to keep up the repairs thereon, since the porch is not in the exclusive possession of either tenant.

4. NEGLIGENCE, § 97*—*what degree of care required of child ten years of age.* A child ten years of age is not required to use that degree of care for her own safety which would be exercised by an ordinary prudent adult person under like circumstances.

5. NEGLIGENCE, § 106*—*when negligent conduct of parent imputed to child.* A child ten years of age is not bound by the negligent conduct of her mother in an action for personal injuries brought for the benefit of the child herself.

6. INSTRUCTIONS, § 10*—*when giving of numerous instructions improper.* The practice of submitting a large number of instructions is a mischievous practice which should not be countenanced by the courts, since instead of assisting the jury to a proper determination of the questions of fact it more frequently misleads and confuses them.

7. TRIAL, § 120*—*when associate counsel may occupy rest of alloted time for argument.* Where forty minutes is allowed by the court to each side for argument and one counsel for plaintiff occupies part of the time allowed, it is not error to allow another counsel for the same side to occupy the balance of the time in further argument although at the end of the argument of the first counsel for plaintiff defendant waives argument and moves to submit the case to the jury without further argument.

8. DAMAGES, § 134*—*when verdict for personal injuries to child not excessive.* In an action by a child ten years of age to recover for personal injuries sustained by reason of a fall from a porch, where plaintiff's injuries necessitated the removal of a large portion of the scalp, leaving the brain protected only by the skin and exposing plaintiff at all times to serious injuries, a verdict for plaintiff for $7,000 *held* not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.