## Delia Long, Plaintiff in Error, v. Joseph Schlitz Brewing Company, Defendant in Error.

### Gen. No. 24,317.

1. LANDLORD AND TENANT, § 206*—*when landlord not required to make repairs.* In this State the rule of *caveat emptor* applies in the letting of property, and the landlord is not bound to make repairs unless he has agreed to.

2. LANDLORD AND TENANT, § 226*—*when landlord required to notify tenant of defects.* Where there are concealed defects in demised premises *at the time of the letting,* which are dangerous to the tenant but which are unknown or which a careful examination would not disclose to the tenant, but the condition is known to the landlord, it is his duty to notify the tenant, and for a failure to so notify, the landlord is liable for whatever damages the tenant suffers

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

therefrom; but no such duty is imposed upon the landlord to notify the tenant of defects which the landlord discovers after the beginning of the tenancy.

3. LANDLORD AND TENANT, § 257*—*when declaration in action for injuries from defect in premises does not state cause of action.* A declaration in an action by a tenant for injuries sustained by the giving way of a railing in connection with premises occupied by him under a sublease containing no covenant to make repairs, against the landlord's assignee, stated no cause of action, in the absence of an averment that the railing was known to have been defective at the time of the making of the original lease, or at the time of the · making of the sublease, the only allegation having been that defendant knew, or in the use of due care should have known, of the defective condition on or before the date of the accident.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed July 2, 1919.

TRAINOR & TRAINOR, for plaintiff in error; CHARLES J. TRAINOR, of counsel.

MILLER, GORHAM & WALES, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Delia Long brought this action against the Joseph Schlitz Brewing Company and August Bladorn to recover for personal injuries sustained by her. At the close of plaintiff's case the court directed a verdict for the defendant on the sole ground that the plaintiff had not proved that the defendant brewing company owned the premises in question at the time plaintiff was injured.

There are a number of points argued in the case, but, in the view we take of it, it will be unnecessary to dispose of but one of them, viz., did the declaration on which the cause was tried state a cause of action? If it did not, of course, the judgment must be affirmed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The allegations, so far as it is necessary to state them, are: That on November 6, 1903, Annie M. Knapp owned certain premises improved by a two-story structure, and let them for a period of 10 years to the defendant Bladorn; that Bladorn entered into possession of the premises and conducted a saloon on the first floor; that in November, 1910, Annie M. Knapp sold the property and assigned the Bladorn lease to the defendant brewing company; that afterwards, in January, 1911, the defendant Bladorn sublet the flat on the second floor of the premises to the plaintiff and her husband, and that they immediately entered into possession and occupied it as a place of residence; that there was a rear porch to the flat around which was a wooden railing about three and a half feet high, which was rotten, dangerous and defective, but that this defect was concealed and unknown to plaintiff and that a careful examination by her or her husband would not have disclosed it; that the defendant brewing company "knew and in the exercise of ordinary care would have known," on and before the 26th day of April, 1911, of the concealed defect; that it was attended with danger to the plaintiff; that it negligently failed to inform the plaintiff or her husband of this defective and rotten condition; that while plaintiff was in the performance of her household duties, and in the exercise of ordinary care and caution for her own safety, she leaned against the rotten railing which gave way, and she fell to the ground and was injured.

Bladorn was not served with process and did not appear as a party to the suit, but testified for plaintiff.

The defendant contends that the case of *Johnson v. Perkins,* 167 Ill. App. 611, is directly in point and controlling. There the plaintiff, who was the tenant, slipped and fell through an opening into a vault or catch basin which was on the premises, and the opin-

ion of the court, holding that there was no cause of action stated in the declaration, was based on the theory that the defendant landlord was, under the law, not required to make repairs. In the instant case plaintiff claims that the defendant is liable, not for a failure to make repairs, but for a failure to notify her that the premises were defective and dangerous, so as to enable her to avoid being injured. It is clear that the case is not in point.

It is well settled in this State that in the letting of property the rule of *caveat emptor* applies, and that the landlord is not bound to make repairs unless he has agreed to do so. The tenant takes the property at his own risk as he finds it, and there is no implied covenant that it is fit for the purposes for which it is rented, or that it is in any particular condition. The landlord is, therefore, not liable for damages in case the tenant is injured by reason of the premises being out of repair. But where there are concealed defects in the demised premises *at the time of the letting,* which are dangerous to the tenant but which are unknown or which a careful examination would not disclose to the tenant, but the condition is known to the landlord, or by the exercise of reasonable diligence should have been known to the landlord, it is his duty to notify the tenant, in order that he may guard against them, and for a failure to so notify the tenant, the landlord is liable for whatever damages the tenant suffers therefrom. *Sunasack v. Morey,* 196 Ill. 571. But no such duty is imposed upon the landlord to notify the tenant of defects which the landlord discovers after the beginning of the tenancy. *Shute v. Bills,* 191 Mass. 433; *Lyon v. Buerman,* 70 N. J. L. 620; *Holzhauer v. Sheeny,* 127 Ky. 28, 104 S. W. 1034. And even if we assume (although we do not so decide) that the defendant brewing company might be liable to the plaintiff, its subtenant, under proper allega-

tions, there is no averment in the declaration. that the railing was known to be defective to the brewing company at the time of the making of the original lease in 1903, nor at the time of the making of the lease to plaintiff in 1911, but the only allegation is that the defendant brewing company knew, or in the exercise of ordinary care should have known, of the defective condition "on or before the 26th day of April, 1911." Manifestly the declaration did not state a cause of action against the brewing company.

The judgment of the Superior Court of Cook county is affirmed.

*Affirmed.*