Scudder v. Marsh, 224 Ill. App. 355.

# W. T. Scudder, Appellant, v. Mrs. Charles D. Marsh, Appellee.

## Gen. No. 26,750.

1. LANDLORD AND TENANT—*when tenant relieved from liability for rent.* Where there are concealed defects in demised premises which a careful examination would not disclose to the tenant but which are known to the landlord, the latter is under the obligation to reveal them to the tenant before leasing, and his failure to do so amounts to a fraud upon the tenant, and if, by reason of such defects, the tenant is compelled to vacate the premises, he will be relieved from liability for rent thereafter.

2. LANDLORD AND TENANT—*what equivalent to eviction.* If a landlord fraudulently conceals the facts about a building which might render it unfit for habitation, such concealment is equivalent to an eviction.

3. LANDLORD AND TENANT—*what circumstances amount to constructive eviction.* Where a prospective tenant examined the dwelling in question before leasing it, and saw the furnace in warm weather without a fire, and, so far as could be told by looking, it appeared to be of the kind and of sufficient size to properly heat the house, but where the landlord knew from complaints by other occupants of its insufficiency, but concealed the fact and entered into the lease, and where the insufficiency of the furnace could be determined only by an investigation by an expert and by actual experience in cold weather, and where, when the weather became cold, the furnace failed to heat the house although it was run properly with a good fire, and the average temperature was from 48 to 56 degrees and the tenant's children became ill, the circumstances amounted to a constructive eviction by the landlord justifying the tenant's removal from the premises and his discharge from any obligation to pay rent after his vacation of the premises.

4. LANDLORD AND TENANT—*question of constructive eviction as for jury.* In a suit for rent of a dwelling house, *held* the question of a constructive eviction was properly submitted to the jury.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed March 7, 1922.

LANNEN & HICKEY, for appellant.

DUDLEY TAYLOR, for appellee; OTTO A. JABUREK, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit for rent of a dwelling house upon a written lease made by him to defendant, upon trial had an adverse verdict upon which judgment was entered that he take nothing, and from this he appeals.

The defense interposed was a constructive eviction by the landlord because of an inadequate furnace which was known to the landlord, of which he failed to notify the tenant before the leasing, which defendant, the tenant, did not know and could not then know by an examination, and by reason of said defect the premises became uninhabitable.

The jury could find as a fact that September 3, 1918, defendant leased from plaintiff the premises in question, number 2404 Grant street, Evanston, Illinois, for a term of 2 years from September 15 at a rental of $35 per month. The premises was a two-story, frame dwelling; the lease was in writing but contains no covenant as to the condition in which defendant received the premises, nor any covenant that the defendant was to make any repairs. Defendant took possession and paid rent for 3 months. At the time of the leasing, the weather was warm, the defendant saw the furnace but there was no fire in it. In November, when the weather became cold, the furnace failed to heat the dwelling although it was run properly with a good fire; the average temperature in the rooms was from 48 to 56 degrees. Defendant's children became ill and a physician found the room so cold that his breath congealed in every room. He examined the furnace and describes it as in full blast; an experienced man in heating plants examined the furnace at this time and testified that it was only 60 per cent adequate to furnish sufficient heat for the building. A Mr. Gunn who

was a former tenant and who had removed from the premises on June 1, 1918, testified that he several times notified the landlord that the furnace would not heat the premises sufficiently during the cold weather and on one occasion he had pointed out to plaintiff matters in connection with the construction of the furnace which in his opinion prevented proper heating. There was also evidence by an experienced man who cared for this furnace and who had been doing this kind of work for about 12 years. He gave his opinion that the fire pot of the furnace was not large enough to hold sufficient coal properly to heat the premises. When the difficulty at first developed, the tenant notified plaintiff and offered to pay one-half the cost of a new furnace but plaintiff declined but promised that he would have some one look at the furnace, but the evidence fails to show that this was done. Finding it impossible to occupy the dwelling on account of the insufficient heat coming from the furnace, defendant vacated the same on November 30, 1918.

We have then the case of a prospective tenant examining a dwelling with a view of renting, who sees the furnace in warm weather without any fire, and so far as one can tell by looking, it appeared to be of the kind and of sufficient size properly to heat the house. The landlord, however, knows from complaints from former occupants that it is not sufficient for this purpose, but he conceals this fact and enters into a lease with the lessee. The insufficiency of the furnace cannot be determined by merely looking at it, especially by one not expert in the matter of furnaces, and its inadequacy in heating capacity can only be determined by an investigation by an expert and by an actual experience with it in cold weather. Do such circumstances amount to a constructive eviction by the landlord justifying the removal from the premises of the tenant and his discharge from any obligation to pay rent thereafter?

Plaintiff invokes the general rule of *caveat emptor*

which throws upon the lessee the responsibility of examining as to the existence of defects and providing against their consequences. Experience, however, has shown that under circumstances like these under consideration, the strict application of this rule tends to work an injustice upon the tenant. From the very nature of the case, it would be almost impossible for a tenant by merely looking at a furnace in the summer time to have any informed judgment or opinion as to its heating sufficiency.

The case calls for the application of another rule which is abundantly supported by precedent. This is that where there are concealed defects in demised premises which a careful examination would not disclose to the tenant, but which are known to the landlord, the latter is under obligation to reveal them to the tenant before leasing, and that failure so to do amounts to a fraud upon the tenant, and if, by reason of such defect, the tenant is compelled to vacate the premises, he will be relieved from liability for rent thereafter. This rule has been stated and supported in *Borggard v. Gale*, 205 Ill. 511, 514; *Sunasack v. Morey*, 196 Ill. 569; *Lazarus & Cohen v. Parmly*, 113 Ill. App. 624; *Lovas v. Independent Breweries Co.*, 199 Ill. App. 60, 62; *Long v. Joseph Schlitz Brewing Co.*, 214 Ill. App. 517, 520. There are also cases in other States to the same effect. In Woods' Landlord and Tenant, 805, it is said that if the landlord fraudulently conceals the facts about a building which might render it unfit for habitation, this is equivalent to an eviction.

This rule is applicable to the present case. The question of a constructive eviction was properly submitted to the jury (*Gibbons v. Hoefeld*, 299 Ill. 455), which could properly conclude that the landlord fraudulently failed to inform the tenant as to the furnace; that this concealed defect, unknowable to the tenant at the time of the leasing, rendered the premises un-

inhabitable. Plaintiff was not entitled to recover any rental for time after defendant vacated.

The judgment was right and it is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.