Willis Jackson, Plaintiff-Appellant, v. First National Bank of Lake Forest, Illinois, Individually and as Trustee Under Trust Number 402, December 13, 1941, and John F. Leonardi, Defendants-Appellees.

Gen. No. 10,577.

Opinion filed May 20, 1952.
Rehearing denied Octobeer 9, 1952. Released for publication October 15, 1952.

ERNEST S. GAIL, of Highland Park, and HUBBARD, HUBBARD & DORGAN, of Chicago, for appellant.

TOM L. YATES, of Chicago, for certain appellee; HALL, MEYER & VAN DEUSEN, of Waukegan, for certain other appellee; LLOYD A. VAN DEUSEN, of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Willis Jackson started a suit in the circuit court of Lake county against the First National Bank of Lake Forest and John F. Leonardi, to recover for injury which he claimed he suffered when he fell down an outside stairway leading to a basement of a building that he held under lease from the bank. The complaint alleges that defendants owned and controlled a one-story building in Highland Park, Illinois; that the building was divided in sections and numbered 51 to 59 inclusive, South St. Johns Avenue. Each section was leased for a shop or office. The ground in the rear of the building was used as a means of ingress and egress to and from the building. In the rear of the building was an open stairway leading to a basement where the defendant maintained a furnace to heat the

premises. Defendants leased to the plaintiff the stores numbered 51 and 53 South St. Johns Avenue, and a storeroom in the basement with a right of ingress and egress over the rear of the land retained by the defendants, and down the stairway leading to the furnace room in the basement, and through the basement to the storeroom leased to the plaintiff. The defendants retained possession and control of the furnace room, stairway and appurtenances thereto, and the land in the rear of the building. On the north of the areaway was the brick wall of the building and on the south of the areaway was a concrete wall, the top of which was even with the ground surface. Fastened to the top of the concrete wall on the south side of the areaway was a rail or iron pipe with iron pipe standards fastened into the concrete with the pipe extending parallel with the ground surface and the top of the concrete wall and fastened to the west wall of the building. The railing was to protect persons who should use the stairway, and for persons who might come near the said areaway. The only means of ingress and egress to and from the basement room leased to the plaintiff, was over the said land in the rear down the stairway into the furnace room, and through the said furnace room to a door leading into the storeroom into the basement at 53 South St. Johns Avenue.

The complaint further alleged it is the duty of the defendants to use due care at all times to maintain the said stairway and railing in a reasonably safe condition; that the stairway was not constructed in conformity with an ordinance of the City of Highland Park prescribing the width of the steps and number of railings when the stairway was over three feet three inches wide, and that the defendants violated this ordinance; that it was the duty of the defendants to maintain said stairway with adequate treads and with proper and adequate railings, but that the defendants

negligently allowed said railing on the top of said concrete wall to become rusted, weakened and the fastenings designed to hold said railing in place, to become defective so that same constitute a dangerous condition; that the treads on said stairway were not in conformity with the ordinance of the City of Highland Park. That plaintiff, while in the exercise of due care for his own safety, had attempted to use said stairway as a means of ingress to the said storeroom in the basement as aforesaid, and in order to steady himself, clutched the iron pipe standard of the railing on the top of said concrete wall on the south of said areaway, and the fastenings of said railing being defective, or rusted, or weakened gave away and broke, causing plaintiff to become off balance and to fall, and the treads of said stairway being slippery and sloping and not of sufficient width, as required by the ordinance aforesaid, plaintiff was unable to maintain his footing on said tread, and further caused plaintiff to continue to fall and there being no handrail on the one side of said stairway, plaintiff was unable to catch himself and thereby was caused to fall and did fall down said stairway, sustaining a serious and permanent injury.

John F. Leonardi filed his answer in which he denied ownership of the property, but admitted that the buildings were leased for business purposes, and that the strip of ground in the rear was used for ingress and egress, and that he leased the portions of the buildings to tenants and collected the rents therefrom. He denied that he had any knowledge of any defects in the railing in question and pleaded in defense an exoneration clause, which is paragraph 7 of the written lease.

The First National Bank of Lake Forest filed its answer and admits that it held title to the land in question, denied that it owned or controlled the premises or any portion of the same, and stated that its only connection with the premises was as trustee, admitted

72

. the lease in question, but denied it collected any rents, denied that it had possession or control over the land in the rear of the building, except as to the premises held as trustee. It also pleaded the exoneration clause in paragraph 7 of the lease.

The case was tried before a jury and at the close of the plaintiff's evidence the court instructed the jury to find the defendant, First National Bank of Lake Forest, not guilty and the jury so found. After the defendants introduced their evidence, the jury found the issues in favor of the plaintiff and assessed his damages at $5,000. Judgment was rendered on this verdict.

The defendant, Leonardi, filed a motion for a judgment notwithstanding the verdict, and the plaintiff filed a motion for a new trial, as against the First National Bank of Lake Forest. The court overruled the plaintiff's motion for a new trial, but sustained the motion of Leonardi for a judgment notwithstanding the verdict, set aside the original judgment and entered judgment in favor of the defendants notwithstanding the verdict. It is from this judgment that the plaintiff has prosecuted an appeal to this court.

It is insisted by the appellant that the court erred in dismissing the bank from the case and instructing the jury to find in its favor, also that the court erred in setting aside the verdict and judgment against Leonardi, and entering judgment in his favor.

██ We will first consider the question of whether or not the court erred in dismissing the suit as to the First National Bank. The evidence shows that the bank, as trustee, entered into the lease with the plaintiff, paragraph 7 of which provides as follows: "Lessor shall not be liable to lessee for any damage or injury to him or his property occasioned by the failure of lessor to keep said premises in repair, and shall not be liable for any injury done . . . from broken stairs,

porches, railings . . . . Nor for any damage or in-jury arising from any act, omission or negligence of cotenants or of other persons, . . . ." Our courts have held that such a provision in a lease when entered into, voluntarily between people able to contract that such an agreement is valid and the parties are bound thereby. One of the early cases decided by our own Supreme Court is *Checkley v. Illinois Central Railway Co.*, 257 Ill. 491, 100 N. E. 942. The court was consider-ing a similar question in which the railroad had a clause not to be held liable for any negligence of any of its employees that might cause damage to a building that had been erected on the railroad right of way. The court, in holding the provisions of the lease valid and enforceable, stated as follows: "The precise question now under consideration does not appear to have been heretofore presented to this court, but it has been de-cided in a number of other jurisdictions in accordance with the rule above stated by Page. Among the cases where leases of the same general character as the one here involved have been held valid and enforceable, the following may be cited: Hartford Fire Ins. Co. v. Chicago Milwaukee & St. Paul Railway Co., 175 U. S. 91 . : . and numerous other cases. The cases above cited all involve, either directly or indirectly, the validity of contracts, most of them leases like the one involved here, which purported to exempt the railroad company from liability for fires happening through the negligence of its servants. There is no well con-sidered case that has come to our notice to the contrary. Some expressions may be found to the general effect that any contract by any person which assumes to place another party at the mercy of his own faulty conduct is void as against public policy, but such a statement of the rule of the law is too general and sweeping to receive judicial sanction." This case was cited with approval in *Horn v. Illinois Cent. R. Co.*, 327 Ill. App.

74

498 and *Surface v. Chicago, M. & St. P. Ry. Co.,* 191 Ill. App. 261. We are satisfied that the court properly held that this exoneration clause in the lease fully protected the rights of the defendant bank, and it was not liable for any injuries caused to the plaintiff.

 The question of whether the court erred in setting aside the judgment against Leonardi and entering a judgment in his favor notwithstanding the verdict, depends on a question of fact of whether or not Leonardi had knowledge, or by the exercise of reasonable care should have had knowledge that the railing in question was defective. The evidence clearly shows that the plaintiff had used this stairway two and sometimes three times a day looking after the boiler that he used in his business; that he had never noticed anything wrong or any defect in any way about the railing. The defendant, Leonardi, would use the stairway frequently, but not nearly as often as the plaintiff, and he never saw nor discovered anything, nor was his attention ever called to the fact that the railing itself was weak or defective. It is a well settled rule of law that the court in considering whether or not a judgment should be set aside must not weigh the evidence, but must view it in the light most favorable to the plaintiff, and if it tends to show any negligence on the part of the defendants, then the case should be submitted to the jury, and it is for them to say whether or not the defendants had knowledge, or by the exercise of reasonable care should have had knowledge that the railing in question was defective. The trial court held that the defect in this particular railing was a latent one, and there was no evidence to show that either the plaintiff or the defendants had ever discovered anything the matter with the railing, until this accident happened.

It is our conclusion that the court properly held that this defect was a latent one, and that the plaintiff had

not proven a case against the defendant, Leonardi. We are inclined to believe that the exoneration clause in the lease also protected Leonardi, but regardless of whether it did or did not, the court properly held that the plaintiff had not proven a case against either of the defendants, and the judgment of the trial court should be affirmed.

*Judgment affirmed.*